Edwin PRUITT, Jr.,
Petitioner-Respondent,

v.

Earline PRUITT, Respondent-Appellant.

No. 43176.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Robert A. Hampe, Donna M. White, St. Louis, for respondent-appellant.

Forriss D. Elliott, John C. Maxwell, St. Louis, for petitioner-respondent.

REINHARD, Judge.

Wife appeals from a Decree of Dissolution entered by the Circuit Court of St. Louis County. We have examined the record and applied the standards set out in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and we affirm.

Husband and wife were married for some 28 years. They have two children, both now emancipated. Husband retired from the Army after more than 20 years service, and is now employed by the St. Louis Urban League. Wife is employed by the Jefferson Bank and Trust as manager of the bookkeeping department.

The terms of the decree are, briefly, as follows: Husband was awarded his military retirement pay ($13,792 yearly) certain items from the parties' house (valued at $14,536) one of the parties' two cars (1974 Chevrolet Monte Carlo) and 45% of the proceeds of the sale of the parties' house (valued at approximately $90,000) after payment of an outstanding mortgage ($26,000), and a home improvement loan ($9,500). Wife was awarded her interest in her profit sharing plan at work, all household goods not awarded to husband, the other car (1971 Toyota Corona) and 55% of the proceeds of the sale of the house. Each party was to retain any bank account held in his or her name (wife $350.27; husband $288.53). Husband was ordered to pay certain jointly incurred debts amounting to $8,852. Costs were assessed ½ to each party and no award of attorney's fees was made.

The first point raised by wife is that the court erred in finding husband's military retirement pay to be separate rather than marital property. She contends that such a determination is contrary to the ruling in other Missouri cases. *See In Re Marriage of Weaver,* 606 S.W.2d 243 (Mo.App.1980); *Daffin v. Daffin,* 567 S.W.2d 672 (Mo.App. 1978).

The U.S. Supreme Court recently held that the states are precluded from dividing military nondisability retirement pay under community property laws. *McCarty v. McCarty,* —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The court held that such a division conflicts with federal statutes to the injury of the federal military retirement program. *Id.*

We feel *McCarty* likewise prohibits the treatment of husband's retirement pay as martial property in Missouri. Treatment as marital property would conflict with the designation of retirement pay as a "personal entitlement." *Id.* at 2737. This is true whether the pay is actually divided (as was the case in *McCarty*) or used as an offset to other marital property awarded to the other spouse. *Id.* at 2739 n.22; *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 588–89, 99 S.Ct. 802, 811–812, 59 L.Ed.2d 1 (1979). Treatment of retirement pay as marital property would also frustrate the goals of the military system discussed in *McCarty,* "to provide for the retired service member, and to

meet the personnel management needs of the active military forces." 101 S.Ct. at 2741. In short we feel the analysis used in *McCarty* prohibits treatment of federal military nondisability retirement pay as marital property as well as community property.

In spite of the previous Missouri cases, we are bound by the U.S. Supreme Court decision, and hence we rule wife's first point against her.

 Wife argues in her second point that the court failed to consider the factors enumerated in § 452.330(1), RSMo. 1978 which must be considered by the court prior to dividing the marital property. Wife fails to substantiate her bald assertion that these factors were not considered. Instead she argues, in effect, that the result of the division speaks for itself. We find no abuse of discretion in the division of marital property, nor any indication § 452.330(1) was not followed.

In wife's third point she contends the court erred in failing to award her maintenance. The statute provides that the court may grant an award of maintenance "only if it finds that the spouse seeking maintenance (1) lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) is unable to support himself through appropriate employment ...." § 452.335 RSMo. 1978.

 The court found that wife "has in the past and herein is receiving a generous share of the marital property and that maintenance ... is not in order." Furthermore wife admits that her job provides employment "appropriate to her skills and interests." Wife contends her expenses exceed her income, but the only evidence of her expenses was a figure of $1500 per month she stated at trial. She provided no support for this figure, even in response to questioning by the court. She did indicate, however, that the $1500 figure included support for her emancipated daughter, as well as aid to her for school. In light of the record and the division of property made by the court we are not persuaded that the

failure to award maintenance was error. The awarding of maintenance is a matter for the sound discretion of the trial court, *Goff v. Goff*, 557 S.W.2d 55, 56 (Mo.App. 1977) and it was not abused here.

 In wife's fourth and final point she contends the trial court erred "in proceeding to enter Decree of Dissolution of Marriage on June 2, 1980 in the absence of (wife) and her attorney when the court knew the matter was contested." Neither the point nor the argument following comply with Rule 84.04 and hence preserve nothing for review. We have examined the record and find no error.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.