**In re the MARRIAGE OF Patsy A. COX, Petitioner-Respondent,**

**and**

**Louis W. Cox, Appellant.**

**No. 13997.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 16, 1987.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 17, 1987.

John A. Clayton, Thomas, Birdson, Clayton & Haslag, Rolla, for petitioner-respondent.

Scott R. Traylor, Raymond A. Morwood, Springfield, for appellant.

L. THOMAS ELLISTON, Special Judge.

The Circuit Court of Phelps County, Missouri, dissolved the parties' marriage of almost 25 years and divided their marital property. Appellant-husband appeals alleging that the trial court erred in 1) finding that 87.7 percent of his military nondisability retirement pension was marital property, 2) its determination of the present value of his military nondisability retirement pension, and 3) its division of the marital property. We affirm.

Appellant-husband (Louis) and respondent-wife (Patsy) were married on November 10, 1959. At the time of the dissolution of the marriage, which was September 24, 1984, Louis was receiving $942.03 each month as a military nondisability retirement pension. The pension was based upon 22 years of service in the United States Army, with 2.7 of these years being prior to the marriage. Although the exact date of Louis' military retirement is not established in the evidence, the parties agree that it was before June 25, 1981.

Expressed in percentages, 12.3 percent of Louis' creditable military service occurred prior to the marriage and 87.7 percent occurred during the marriage. At the time of trial, Louis was 47 years of age, in good health, and had a life expectancy of 27.7 years.

The total value of the marital property was found by the trial court to be $295,595. Marital property valued at $155,334, 53 percent of the total, was distributed to Patsy, with no indebtedness. The major assets she received was a 355 acre farm with a stipulated value of $140,000, which included the marital home. The remaining 47 percent of the marital property, valued at $140,261, was distributed to Louis, subject to a $5,000 debt. The major asset received by Louis was the 87.7 percent of his nondisability military pension, valued at $114,409.39.

Louis first contends that the trial court erred in finding that the military retirement pension was marital property because he started receiving that pension at a time when Missouri law held such pensions to be non-marital property. Such contention is factually incorrect and totally without merit.

Louis retired before June 25, 1981. Before June 26, 1981, it was well settled in Missouri law that a military nondisability retirement pension was marital property. *Sink v. Sink*, 669 S.W.2d 284, 285 (Mo.App. 1984); *In re Marriage of Weaver*, 606 S.W.2d 243, 244 (Mo.App.1980); *Daffin v.*

*Daffin,* 567 S.W.2d 672, 679 (Mo.App.1978). On June 26, 1981, the United States Supreme Court decided the case of *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In *McCarty,* the court concluded that federal law prevented a state court from dividing military nondisability retirement pensions. 453 U.S. at 233, 101 S.Ct. at 2741. Missouri courts, being compelled to follow *McCarty,* thereafter held that military nondisability retirement pensions would not be considered marital property. *See,* e.g., *Pruitt v. Pruitt,* 622 S.W.2d 767, 768 (Mo.App.1981).

The United States Congress then became involved and enacted the "Uniformed Services Former Spouses' Protection Act," 10 U.S.C. § 1408, enacted on September 8, 1982, and effective February 1, 1983. The act enacted has the effect of reversing the *McCarty* decision retroactive to June 25, 1981, and permits each state to apply its own law on the issue of whether military nondisability retirement pensions will be considered marital property. After enactment of this law, Missouri courts again held that military nondisability retirement pensions are marital property. *In re Marriage of Quintard,* 691 S.W.2d 950, 952–953 (Mo.App.1985); *Coates v. Coates,* 650 S.W.2d 307, 312 (Mo.App.1983).

■ Thus, the only time Missouri courts have not held military nondisability retirement pensions to be marital property in dissolution decrees was during that brief period from June 26, 1981, to September 8, 1982. *In re Marriage of Quintard,* supra. September 24, 1984, is the date of the decree in this case. Since 87.7 percent of Louis' creditable military service for retirement had occurred during the marriage, the trial court did not err in finding that that percent of his military disability retirement pension was marital property. It is immaterial on what date Louis started receiving that retirement pay.

■ Louis next complains that the trial court erred in finding that the nondisability retirement pension had a present cash value of $114,409.39. At trial, Louis contended that the present cash value of the nondisability military retirement pay was $942.03, the amount he received each month. Patsy presented evidence that Louis' life expectancy at the time of trial was 27.7 years, and that the present value of a dollar receivable at the end of each month for 27.7 years was $121.45. The amount of dollars received each month ($942.03) multiplied by the present value of a dollar receivable at the end of each month for 27.7 years ($121.45) equals $114,409.39, the amount found by the trial court to be the present value of the total military nondisability retirement pension. Louis' contention that the present cash value is $942.03 is absurd. The trial court could properly consider that $942.03 could be received each month for the next 27.7 years, and that each dollar of the $942.03 had a present value of $121.45. If Louis desired the trial court to consider different value figures, he was obligated to present evidence to establish them. *Smith v. Smith,* 682 S.W.2d 834, 836 (Mo.App.1984). This court finds no error in the trial court's finding that the military nondisability retirement pension had a present cash value of $114,409.39.

■ Louis' third allegation of error is that the trial court did not make a just division of marital property as required by § 452.330, RSMo 1978, as amended. Patsy received 57 percent of the marital property, and Louis received the remaining 43 percent. The above-mentioned statute does not require an equal division of marital property. The statute does require that the division of property be "just" after considering all relevant factors. This has been interpreted to require a fair and equitable division of the marital property in light of the circumstances attending the individual case. *Lewis v. Lewis,* 637 S.W.2d 207, 209 (Mo.App.1982). Trial courts are vested with considerable discretion in dividing marital property. An appellate court will only interfere with the trial court's division of marital property "if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo. banc 1984); *Colabianchi v. Colabianchi,*

646 S.W.2d 61, 64 (Mo. banc 1983). We cannot say that the trial court abused its discretion in its division of marital property and this point is ruled against Louis.

■ Louis' fourth and final point is that the trial court erred in the division of marital property by awarding 87.7 percent of the military nondisability retirement pension to Louis in violation of the 50 percent provision of the heretofore mentioned "Uniformed Services Former Spouses' Act." Louis has misinterpreted that act. The act does contain a 50 percent limitation founded at 10 U.S.C. § 1408(e)(1) and which reads as follows:

> The total amount of the disposable retired or retainer pay of a member payable under subsection 9d) may not exceed 50% of such disposable retired or retainer pay.

That is a limitation on the amount that may be awarded to the spouse or former spouse, not the member-retiree. In the instant case, the trial court has not awarded the spouse (Patsy) of the member-retiree (Louis) any portion of the military nondisability retirement pension. The 50 percent limitation has not been violated and Louis' allegation of error is without merit.

The trial court has made a fair, just, and equitable division of the marital property. It has not abused its discretion. We deny appellant's allegations of error and affirm the trial court.

GREENE, P.J., and HESS, Special Judge, concur.