Geneva I. FRANCIS,
Plaintiff–Respondent,

v.

William E. FRANCIS,
Defendant–Appellant.

No. 15806.

Missouri Court of Appeals,
Southern District,
Division One.

April 5, 1989.

Ronald D. White, Robinson, Turley, Turley & White, Rolla, Joseph W. Rigler, Salem, for defendant-appellant.

Kenneth A. Seufert, Farmington, for plaintiff-respondent.

HOLSTEIN, Chief Judge.

This is an appeal from a judgment entered in an action to dissolve the twenty-six year marriage of the parties. Appellant William E. Francis filed no responsive pleading and was not represented at trial, although he was present and testified. He now asserts that the trial court's "judgment is against the weight of the evidence and unsupported by substantial evidence because the trial court abused its discretion" in (1) awarding an unjustified percentage of the marital property to respondent, (2) awarding respondent $600 per month maintenance,[1] and (3) ordering appellant to pay respondent's attorney's fees.

The arguments under the first and second points are that the trial court failed to give appropriate weight to the nonexclusive statutory factors applicable to the division of marital property and the award of maintenance. §§ 452.330.1, 452.335.2.[2] In this court-tried case, we have reviewed the evidence and determined that the judgment dividing property and awarding maintenance is supported by substantial evidence and is not against the weight of the evidence, and that the trial court committed no abuse of discretion or other error of law. An extended discussion of the facts and law would have no precedential value. Rule 84.16(b). The first two points are denied.

■ The decree does not specifically award attorney's fees. As part of the division of marital property, the trial court ordered that an $8,880 certificate of deposit be cashed and respondent's attorney's fees of $2,400 be paid from the proceeds. The balance was to be divided equally between the parties. By ordering that respondent's attorney's fees be paid from the proceeds of an otherwise equally divided certificate of deposit, appellant asserts the court in effect awarded respondent $1,200 attorney's fees. Without so holding, we address the third point as if the trial court made an award of attorney's fees. Appellant's third point argues that the award of attorney's fees is unsupported by evidence of the exact number of hours or exact billing rate of the attorney and of the "financial histories" of the parties. The trial court may consider all relevant factors in determining whether an opposing party should pay the other's attorney's fees. § 452.355. A trial court's award of attorney's fees is not to be disturbed unless there is a showing that the trial court abused its discretion. *Newport v. Newport*, 759 S.W.2d 630, 632 (Mo. App.1988).

---

1. The judgment actually awarded respondent $176 monthly maintenance. Appellant confuses the fifty percent division of his $848 monthly military retirement with the award of maintenance. Regarding the disposition of military retirement as marital property, see *In Re Marriage of Cox*, 724 S.W.2d 279 (Mo.App.1987).

2. References to statutes are to RSMo 1986, and rule references are to Missouri Rules of Court (20th ed. 1989).

Appellant cites *In Re Marriage of Sumners*, 677 S.W.2d 435, 436 (Mo.App. 1984), for the proposition that the omission of evidence of the parties' financial histories is fatal to an award of attorney's fees. Unlike the record in *Sumners*, here there is evidence of the parties' financial histories. Appellant testified regarding his past and present employment and made no mention that he has any extraordinary expenses. Prior to the judgment respondent had no income and monthly expenses of over $800. Her income under the decree will be $600 monthly. Although the decree awards respondent a larger portion of the marital property, appellant, even after payment of maintenance, will have more than double the monthly income of respondent and no debt other than his automobile loan. The award of attorney's fees was supported by evidence of the past and present financial conditions of the parties.

In addition, respondent's attorney testified he was charging a fee of $2,400 although he had over sixty hours in the case and his usual fee was $75 per hour. The trial judge, who was certainly familiar with the activity in the file and the time and quality of representation involved in this case, cannot be convicted of an abuse of discretion for assessing one-half of respondent's attorney's fees to appellant. The third point is denied.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.