Harrison F. LYMAN, Jr. and Alice L. Bennick, as Trustees, Plaintiffs-Respondents,

v.

Melvin J. WALLS and Billie D. Walls, Husband and Wife, Defendants-Appellants.

No. 46089.

Missouri Court of Appeals, Eastern District, Division Eight.

Nov. 8, 1983.

Lawrence J. Permuter, Marvin Max Klamen, Clayton, for defendants-appellants.

Claude C. Knight, St. Charles, for plaintiffs-respondents.

KAROHL, Judge.

Plaintiffs-respondents Harrison F. Lyman, Jr. and Alice L. Bennick, as trustees, brought an action to declare an easement across defendants-appellants Melvin J. and Billie D. Walls' property, to enjoin defendants from obstructing the easement, and for damages resulting from loss of crop sales or rental of plaintiffs' property. The trial court found that a prescriptive easement had been established, enjoined its obstruction and awarded plaintiffs $100 in damages and costs.

Defendants' sole point on appeal is that the trial court erred in failing to determine that as a matter of law, plaintiffs' prayer for relief was barred by the doctrine of laches. As defendants have failed to carry their burden of proving prejudice, we affirm.

In a court tried case, we affirm the trial court's ruling unless it is against the weight of the evidence, is unsupported by substantial evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Defendants purchased their property in St. Charles County in 1961. Plaintiff Harrison Lyman purchased the property adjoining defendants' eastern boundary from Walter A. Knoernschild, in 1969. In 1970, plaintiff recorded an affidavit made by Mr. Knoernschild, which stated that for more than fifty years, he and others had used a private roadway across defendants' property to gain access to his property.

In 1978, defendants placed fencing and a barricade in the roadway, preventing plaintiffs' use of the road easement to gain access to their property. Plaintiffs filed their action in 1981.

Defendants' appeal does not contest the trial court's finding that plaintiffs and their predecessors had used the roadway for more than ten years prior to the filing of the action, in an open and notorious manner under claim of right and color of title ad-

versely to defendants and their predecessors in title. In defendants' only point relied on they argue that plaintiffs filed Mr. Knoernschild's affidavit in 1970 without legal justification and waited over ten years to assert their claim, and thus their claim is barred by laches.

We need not decide the merits of defendants' arguments, however, as there was no proof of a fundamental requirement to sustain a successful defense of laches: prejudice resulting from delay.

 Ordinarily the question of laches is a question of fact to be determined from all the evidence and circumstances adduced at trial. *Obernay v. Chamberlin,* 506 S.W.2d 446, 452 (Mo. banc 1974); *Schaeffer v. Moore,* 262 S.W.2d 854, 859 (Mo.1953). Invocation of laches requires that a party with knowledge of the facts giving rise to his rights delays assertion of them for an excessive time and the other party suffers legal detriment therefrom. *Rich v. Class,* 643 S.W.2d 872, 876–77 (Mo.App.1982); *McDaniel v. Frisco Employes' Hospital Ass'n,* 510 S.W.2d 752, 756 (Mo.App.1974). Defendants must show that the unreasonable delay operates to their prejudice. *McNulty v. Heitman,* 600 S.W.2d 168, 173 (Mo.App.1980). The prejudice which supports laches is generally of two kinds, i.e.: (1) loss of evidence which would support defendants' position and (2) change of position in a way that would not have occurred but for the delay. *Rich v. Class,* 643 S.W.2d at 877.

Defendants offered no evidence that the lapse of time between the recording of the affidavit and the filing of plaintiffs' action worked any disadvantage on them or caused them any harm. In its findings of fact and conclusions of law the trial court made no formal findings regarding laches. We assume that the facts were found in accordance with the result reached. Rule 73.01(a)(2); *McNulty v. Heitman,* 600 S.W.2d at 173.

"[T]he generally accepted doctrine appears to be that laches is not like limitation a mere matter of time, but is principally a question of the inequity of permitting a claim to be enforced, this inequity being founded upon some change in the condition or relations of the property or the parties. Where no one has been misled to his harm in any legal sense by the delay, and the situation has not materially changed, the delay is not fatal." *Schaeffer v. Moore,* 262 S.W.2d at 860–61. There being no change of position, disadvantage or damage by reason of any delay the court did not err in refusing to rule that plaintiffs' cause of action was barred by laches. Judgment affirmed.

CRIST, P.J., and GAERTNER, J., concur.