In re the Marriage Lawrence Donald **SINK, Petitioner-Respondent,**

v.

**Billie Marcelle SINK, Appellant.**

**No. 47435.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1984.

Susan M. Hais, St. Louis, for appellant.

E. Fairfax Jones, St. Louis, for petitioner-respondent.

KAROHL, Presiding Judge.

Former wife appeals summary judgment entered against her on her motion to modify or in the alternative to distribute an undistributed asset. The parties were married in 1956 and the marriage was dissolved on March 11, 1982. Respondent husband completed twenty years of military service on April 4, 1974 and thereafter received military retired pay. The details of his retired pay were disclosed to the dissolution court. The retirement was the subject of testimony by both husband and wife before the dissolution court. The husband testified that it had been agreed that he would be entitled to any and all proceeds from the military pension and appellant wife confirmed the agreement. However, the dissolution decree is silent and makes no disposition of the military retired pay.

Appellant wife contends that the trial court should not have granted a summary judgment because an issue of fact concerning the distribution of marital property, specifically the husband's military retired pay, has not been resolved. As the military retired pay was a marital asset that was not distributed by the original dissolution decree appellant's action to dispose of the property was proper. *Ploch v. Ploch*, 635 S.W.2d 70, 72 (Mo.App.1982).

Respondent husband's military pension vested and matured in 1974 with his retirement. Prior to *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 599 (1981) it was well settled in Missouri that military retired pay was marital property. *In re Marriage of Weaver*, 606 S.W.2d 243, 244 (Mo.App.1980); *Daffin v. Daffin*, 567 S.W.2d 672, 679 (Mo.App.1978). However, when the United States Supreme Court decided *McCarty* on June 26, 1981 they held that federal retirement statutes conflicted with state law, that the conflict threatened grave harm to clear and substantial federal interests, and concluded that federal law precluded a state court from dividing military non-disability retirement pay as community property. 453 U.S. at 233, 101 S.Ct. at 2741.

After *McCarty* Missouri courts held that military retired pay could not be considered marital property. *See e.g. Pruitt v. Pruitt*, 622 S.W.2d 767, 768 (Mo.App.1981). However, on September 8, 1982, Congress enacted the "Uniformed Services Former Spouses' Protection Act," Public Law 97–252, codified as 10 U.S.C. § 1408 which had the effect of reversing the *McCarty* decision retroactive to June 25, 1981. *Dildy v. Dildy*, 650 S.W.2d 324, 330 (Mo.App.1983). *See also* S.Rep. No. 502, 97th Cong., 2nd. Sess. 1, 16 (1982) and H.R.Rep. No. 749, 97th Cong., 2nd. Sess. 167–168 (1982), U.S. Code Cong. & Admin.News 1982, p. 1555.

10 U.S.C. § 1408(c)(1) provides that "subject to the limitations of this section [not applicable to this case], a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981 either as property solely of the member or as property of the member and his spouse *in accordance with the law of the jurisdiction of such court.*" (emphasis added). This statute permits each state to apply its own pre-*McCarty* law on classification and division of military retired pay. S.Rep. No. 507, 97th Cong., 2nd Sess. 16 (1982). Relying on this statute our courts have again held that military retired pay is to be considered marital property. *Coates v. Coates*, 650 S.W.2d 307, 312 (Mo.App.1983).

On March 23, 1983 appellant wife filed her motion to modify. Respondent husband filed a motion for summary judgment and an affidavit in support of the motion claiming that the parties agreed that he was entitled to any and all payments from the military retirement plan and that appel-

lant wife had waived any claim she may have had to the retired pay. Appellant wife filed an affidavit in opposition to the motion for summary judgment denying an agreement and denying waiver. The dissolution decree made no mention of the military retired pay.

■ Summary judgment may be granted on the authority of Rule 74.04(c) only if there is no genuine issue as to any material fact remaining in the case. The wife's affidavit presents a primary issue of fact in this case concerning the existence of an agreement of the parties on the disposition of the military retired pay. The mandate of *McCarty* suggests a secondary question of whether the agreement, if there was one, was meaningful if the law denied the wife any interest in the military retired pay. On the date the dissolution was granted *McCarty* precluded any consideration by the dissolution court of the military retired pay as marital property. It follows that what the parties could not legally agree to, they may not have agreed to. An issue remains therefore whether appellant is entitled to a part of the military retired pay as part of the distribution of marital property under § 452.330, RSMo 1978.

We reverse and remand. We express no opinion as to how the military retired pay should be distributed. In making that determination the court will be guided by the evidence presented at the dissolution hearing, any additional relevant evidence that the parties may present, the other marital property of the parties that was distributed in the decree, the value of all marital property and any other matters relevant to complying with § 452.330 RSMo 1978.

REINHARD and CRANDALL, JJ., concur.