## CHISNELL v CHISNELL

Docket No. 73430. Submitted November 6, 1985, at Detroit.—Decided February 18, 1986.

Plaintiff, Beatrice M. Chisnell, and defendant, Robert Lloyd Chisnell, were divorced in 1977 by order of the Macomb Circuit Court, Hunter D. Stair, J. The divorce judgment awarded plaintiff an interest in defendant's nondisability military pension in the amount of $320 per month payable directly by defendant to plaintiff. Additionally, defendant was ordered to pay plaintiff's attorney fees in the amount of $500. The circuit court denied a motion by defendant to amend the judgment and awarded plaintiff $150 in additional attorney fees. On appeal, the Court of Appeals upheld the award of defendant's military retirement pay. The Michigan Supreme Court denied defendant's application for leave to appeal. The United States Supreme Court subsequently denied certiorari. While defendant's appeal was pending before the United States Supreme Court, the circuit court granted plaintiff $3,000 in additional attorney fees. The Court of Appeals affirmed that award of additional attorney fees. Plaintiff thereafter served writs of garnishment in an attempt to recover attorney fees owed by defendant. Defendant again sought a modification of the divorce judgment in circuit court after the United States Supreme Court held in another case that federal law precluded the division of military nondisability retirement pay under state community property laws and the Court of Appeals followed the United States Supreme Court by holding in another case that such retirement pay could not be distributed as a mutual asset. The circuit court, John G. Roskopp, J., modified the divorce judgment after

### REFERENCES

Am Jur 2d, Divorce and Separation §§ 589, 909, 930.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176. uf70Employee retirement pension benefits as exempt from garnishment, attachment, levy, execution, or similar proceedings. 93 ALR3d 711.

Amount of attorneys' fees in matters involving domestic relations. 59 ALR3d 152.

ruling that the United States Supreme Court decision applied retroactively to the instant case to deny plaintiff a share of defendant's pension and that plaintiff was barred by federal law from garnishing defendant's military retirement pay to recover attorney fees. Plaintiff's motions for reconsideration or a new trial and rehearing, which were based on federal legislation which retroactively reversed the effect of the United States Supreme Court decision upon which the circuit court relied, were denied by the circuit court. Plaintiff appealed by leave granted. *Held:*

1. The congressional enactment of the Uniformed Services Former Spouses' Protection Act (USFSPA) reversed the effect of the United States Supreme Court decision holding that a nondisability military pension was not a marital asset subject to division in a divorce. The USFSPA specifically provides that such pensions were subject to state laws for purposes of division of marital property in divorce proceedings. The circuit court therefore erred in modifying the divorce judgment to deny plaintiff an interest in defendant's military retirement pay.

2. The USFSPA allows direct payment of up to 50% of pension benefits to a former spouse. The Court of Appeals instructed the circuit court to enter an order directing that 50% of defendant's disposable military retirement pay be paid directly to the plaintiff, $320 of which would cover current monthly payments with the balance to cover the unpaid arrearage.

3. Awards for attorney fees contained in divorce judgments and any subsequent modifications of such judgments are subject to garnishment under provisions of the USFSPA. The circuit court therefore erred in precluding plaintiff, after initially allowing her, from garnishing plaintiff's military retirement pay to satisfy her attorney fee awards. The Court of Appeals instructed the circuit court to direct its clerk to turn over to plaintiff any garnished amounts still held by the court clerk to satisfy her attorney fee awards. Plaintiff may garnish the balance of her attorney fee awards from defendant's military retirement pay. However, the amount of retirement benefits payable directly to plaintiff and any amount garnished may not exceed 50% of defendant's disposable retirement pay.

Reversed and remanded.

1. DIVORCE — MARITAL ASSETS — MILITARY RETIREMENT BENEFITS.

A court may consider military pension benefits as a marital asset subject to division as part of a property settlement in a divorce action.

2. DIVORCE — MILITARY RETIREMENT BENEFITS — UNIFORMED SER-
    VICES FORMER SPOUSES' PROTECTION ACT.

    The Uniformed Services Former Spouses' Protection Act permits
    the direct payment of up to 50% of a pensioner's disposable
    military retirement pay to a former spouse who presents a
    court order awarding the spouse a share in the pensioner's
    benefits (10 USC 1408[d][1]).

3. DIVORCE — MILITARY RETIREMENT BENEFITS — UNIFORMED SER-
    VICES FORMER SPOUSES' PROTECTION ACT — ATTORNEY FEES —
    GARNISHMENT.

    The Uniformed Services Former Spouses' Protection Act allows
    the garnishment of a pensioner's benefits to satisfy any awards
    not paid by the pensioner pursuant to a division of property by
    a court in a divorce action; a former spouse may garnish a
    pensioner's benefits to satisfy an award for attorney fees (10
    USC 1408[d][5]).

4. DIVORCE — ATTORNEY FEES — DIVISION OF PROPERTY.

    In Michigan, once an attorney fee award is made in a divorce
    case, the award is treated the same as a property division and
    recovery may be had, as in a property division, from any of the
    spouse's assets over which the court has jurisdiction (MCR
    3.206[A][3]).

*McCallum & Bozimowski (by Thomas J. Mc-
Callum),* for plaintiff.

*Freeman, McKenzie, Matthews, Scherer & Ste-
pek, P.C. (by Gary E. Gendernalik),* for defendant.

Before: SHEPHERD, P.J., and J. H. GILLIS and P. J.
CLULO,* JJ.

SHEPHERD, P.J. The present case has been before
this Court on two previous occasions. The parties'
1977 divorce judgment provided plaintiff a share in
defendant's military retirement pay. The judgment
was affirmed by this Court, leave to appeal was
denied by the Michigan Supreme Court, and cer-
tiorari was denied by the United States Supreme
Court. Based on a subsequent decision by the

---

   * Circuit judge, sitting on the Court of Appeals by assignment.

United States Supreme Court, holding that military retirement pay was not a marital asset and could not be included in a property settlement, the trial court modified the divorce judgment some five years later to remove this provision. Plaintiff appeals by leave granted.

We reverse the trial court and hold that the award of military pension benefits to plaintiff must be reinstated in the divorce judgment. We also reverse the trial court insofar as it held that plaintiff may not garnish defendant's pension to satisfy her attorney fee awards.

The parties were divorced on April 21, 1977. The divorce judgment entered by Macomb County Circuit Court Judge Hunter D. Stair treated defendant's military pension as a marital asset and awarded plaintiff an interest in defendant's retirement benefits in the amount of $320 per month payable directly by defendant to plaintiff. The judgment further provided that the remaining property be equally divided and defendant was ordered to pay plaintiff's attorney $500. Defendant's later motion to amend the judgment was denied and the court awarded plaintiff additional attorney fees of $150.

Defendant then appealed to this Court, which upheld the award of defendant's military retirement pay, holding that the retirement pay was a marital asset subject to property division. *Chisnell v Chisnell,* 82 Mich App 699; 267 NW2d 155 (1978). The Michigan Supreme Court denied defendant's application for leave to appeal on November 29, 1978. 403 Mich 844 (1978). The United States Supreme Court subsequently denied certiorari. 442 US 940; 99 S Ct 2881; 61 L Ed 2d 310, *reh den* 444 US 887; 100 S Ct 187; 62 L Ed 2d 121 (1979).

While the case was pending before the United States Supreme Court, the trial court granted

plaintiff an additional $3,000 in attorney fees. This Court affirmed the award of attorney fees but reversed in part another order, not pertinent to this appeal, which modified the property settlement. *Chisnell v Chisnell,* 99 Mich App 311; 297 NW2d 909 (1980).

Plaintiff then embarked on a series of attempts to collect the attorney fees owed by defendant. These included garnishment writs served upon the United States Army. Plaintiff states that no payment was ever made by the government pursuant to garnishment. Defendant hints that plaintiff received over $1,000 by this means.

On July 29, 1982, defendant again sought relief in the circuit court from the divorce judgment. Defendant relied on the July 26, 1981, United States Supreme Court decision in *McCarty v McCarty,* 453 US 210; 101 S Ct 2728; 69 L Ed 2d 589 (1981), and its subsequent adoption by this Court in *Grotelueschen v Grotelueschen,* 113 Mich App 395; 318 NW2d 227 (1982), *lv den* 417 Mich 940 (1983), which held that nondisability military retirement pay could not be distributed as a marital asset.

In an opinion dated November 3, 1982, Macomb County Circuit Court Judge Roskopp determined that *McCarty* should apply retroactively to the divorce judgment in the instant case. He found no undue prejudice to plaintiff, because defendant had never made any of the ordered payments from his military retirement pay. Furthermore, he found that garnishment of defendant's military retirement pay to satisfy plaintiff's attorney fee awards was prohibited by 42 USC 659, 662. The court subsequently entered an order striking the property settlement provision of the judgment which awarded plaintiff part of defendant's military retirement pay and deemed it "a nullity retroactive

to April 21, 1977". The order also prohibited garnishment of defendant's military retirement pay to recover attorney fees awarded and required the court clerk to return to defendant's attorney any sums received from the government pursuant to the garnishment writs previously issued.

Plaintiff moved for reconsideration or a new trial on December 8, 1982, citing the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 USC 1408, which was enacted on September 8, 1982, and retroactively reversed the effect of the *McCarty* decision. This motion, as well as plaintiff's subsequent motion for rehearing, was denied by the trial court.

I

Plaintiff argues on appeal that the $320 per month award to her from defendant's military pension must be reinstated in the divorce judgment. We agree.

As mentioned above, in this case's first appellate incarnation, this Court held that military retirement pay was properly considered a marital asset in Michigan. *Chisnell v Chisnell,* 82 Mich App 699, 706; 267 NW2d 155 (1978). The United States Supreme Court decided *McCarty v McCarty,* 453 US 210; 101 S Ct 2728; 69 L Ed 2d 589 (1981), on June 26, 1981, and held that federal law precluded the division of military nondisability retirement pay under state community property laws. This Court subsequently held that *McCarty* had overruled *Chisnell,* even though an equitable property division was involved in *Chisnell* rather than community property. *Grotelueschen v Grotelueschen,* 113 Mich App 395, 404-405; 318 NW2d 227 (1982), *lv den* 417 Mich 940 (1983). The circuit court based its modification on *McCarty* and *Grotelueschen.*

Had events proceeded no further, it would still have been improper to modify the judgment on those grounds. This Court held in *McGinn v Mc-Ginn,* 126 Mich App 689, 691-694; 337 NW2d 632 (1983), that *McCarty* did not apply to a final judgment entered prior to that decision. The holding was based on the doctrine of res judicata and the necessity of finality in family law litigation to preserve the surviving family structure. The Court noted that other jurisdictions considering the issue have almost uniformly declined to give *McCarty* retroactive effect.

Even more compelling reasons exist for reversal in this case. Events did not stand still after *Mc-Carty* and *Grotelueschen.* Congress subsequently enacted the USFSPA, which was signed into law on September 8, 1982. Pub L No 97-252, §§ 1001-1006; 96 Stat 730 (codified at 10 USC 1072, 1408, 1447, 1448, 1450). The pertinent provision of the USFSPA states:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payble to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 USC 1408(C)(1).

The section's meaning is well explained in the legislative history:

"The provisions of S. 1814 reversing the effect of the *McCarty* decision are retroactive to June 26, 1981, the date on which the U.S. Supreme Court issued that decision. That is, *the committee intends the legislation to restore the law to what it was when the courts were permitted to apply State divorce laws to military retire-*

*ment pay.* Former spouses divorced in the interim period between the *McCarty* decision and the effective date of this law will have the opportunity to return to court to have their decrees modified in light of this legislation." (Emphasis supplied.) S Rep No 502, 97 Cong, 2d Sess 5, reprinted in 1982 US Code Cong & Admin News 1596, 1599-1600.

This Court recently held that the USFSPA was intended to retroactively subject the disposition of military retirement pay in divorce actions to state law as it existed prior to June 26, 1981, the date of the *McCarty* decision. *Keen v Keen,* 145 Mich App 824; 378 NW2d 612 (1985). The Court further held, citing *Chisnell, supra,* that the law prior to June 26, 1981, was that military retirement pay was a marital asset subject to division as part of a property settlement in a divorce action.

Thus, it is clear that *McCarty* should not have been retroactively applied by the circuit court to strike the award to plaintiff of part of defendant's military pension and that *McCarty* has been abrogated by the USFSPA and has ceased to be an intervening change in the law. Accordingly, we reverse the circuit court's November 15, 1982, order insofar as it struck this award and direct the court to reinstate the provision in the divorce judgment.

However, in light of the recently enacted USFSPA provisions allowing direct payment of pension benefits to the former spouse, we conclude that further discussion of defendant's retirement pay is in order. Subsection 1408(d)(1) permits the direct payment of up to 50% of defendant's disposable military retirement pay to plaintiff upon her presentation of the court order providing for the payment of $320 per month from defendant's pen-

sion.[1] However, in this case defendant has accrued a large arrearage since he has never made a single payment to plaintiff from his retirement pay as required by the divorce judgment. In order to assure that plaintiff receives the long overdue retirement benefits, we instruct the circuit court pursuant to §§ 1408(d)(1) and (5)[2] to enter an order directing that 50% of defendant's disposable military retirement pay be paid directly to plaintiff until the arrearage is extinguished. Three hundred twenty dollars of each payment will be for the current amount due and the remainder of up to 50% of the retirement pay will reduce the arrearage. Defendant may petition the court to reduce the payments to plaintiff to $320 when the overdue payments are fully paid.

## II

Plaintiff next argues that the trial court erred in precluding garnishment of defendant's military pay to satisfy her attorney fee awards. We agree.

In order to reach this conclusion it is necessary to consider the interrelationship of federal and

---

[1] "(d)(1) After effective service on the Secretary concerned of a court order providing for the payment of child support or alimony or, with respect to a division of property, specifically providing for the payment of an amount of the disposable retired or retainer pay from a member to the spouse or a former spouse of the member, the Secretary shall make payments (subject to the limitations of this section) from the disposable retired or retainer pay of the member to the spouse or former spouse in an amount sufficient to satisfy the amount of child support and alimony set forth in the court order and, with respect to a division of property, in the amount of disposable retired or retainer pay specifically provided for in the court order. In the case of a member entitled to receive retired or retainer pay on the date of the effective service of the court order, such payments shall begin not later than 90 days after the date of effective service. In the case of a member not entitled to receive retired or retainer pay on the date of the effective service of the court order, such payments shall begin not later than 90 days after the date on which the member first becomes entitled to receive retired or retainer pay." 10 USC 1408(d)(1).

[2] 10 USC 1408(d)(5) set forth *infra.*

state law governing the division of military retirement pay and recovery of attorney fees.

Subsection (a), paragraph (2) of 10 USC 1408, the USFSPA, defines "court order" as including a final divorce decree and modifications to the decree. Subsection (c)(1), as discussed above, allows a state court to treat military retirement pay as property solely of the member, or of the member and his spouse, "in accordance with the law of the jurisdiction of such court".

Subsection (d)(1) authorizes direct payment of up to 50% of the pension to the spouse if the court order *specifically* provides for payment of an amount of military retirement pay. Here, since the attorney fee awards do not qualify as orders specifically providing for payment of an amount of military retirement pay (or alimony or child support) as required by subsection (d)(1), the direct payment provisions of that subsection do not apply. However, subsection (d)(5) provides that a spouse may in addition *garnish* the retirement pay for an unpaid property division which does not fall within the scope of the subsection (d)(1) direct payment provision.

"(5) If a court order described in paragraph (1) provides for a division of property (including a division of community property) in addition to an amount of child support or alimony or the payment of an amount of disposable retired or retainer pay as the result of the court's treatment of such pay under subsection (c) as property of the member and his spouse, the Secretary concerned shall pay (subject to the limitations of this section) from the disposable retired or retainer pay of the member to the spouse or former spouse of the member, any part of the amount payable to the spouse or former spouse under the division of property upon effective service of a final court order of garnishment of such amount from such retired or retainer pay."

The pertinent question then is whether the attorney fee awards contained in the divorce judgment and subsequent modifications are subject to garnishment under subsection (d)(5). We conclude that they are.

Subsection (c)(1) directs the state court to treat the retirement pay "in accordance with the law of the jurisdiction of such court". In Michigan, once the attorney fee award is made in a divorce case, the award is treated the same as a property division and recovery may be had, as in a property division, from any of the spouse's assets over which the court has jurisdiction. See MCR 3.206(A)(3).[3] Under subsection (c)(1) and Michigan law, the assets from which recovery could be made would include the military retirement pay. Since Michigan law for purposes of collection in effect treats attorney fee awards contained in a divorce judgment and subsequent modifications in the same manner as a division of property, these awards were subject to garnishment from defendant's retirement pay under subsection (d)(5).

Thus, the trial court acted properly in issuing the garnishment orders to satisfy the attorney fee awards in the first place. Although the more convenient direct payment provision does not apply, the attorney fee awards are subject to the more formal garnishment procedure. Accordingly we reverse the November 15, 1982, order which precluded plaintiff from garnishing defendant's military retirement pay to satisfy those awards and directed the clerk of the court to turn over to defendant's attorney any sums that she had received from the federal government and that were

---

[3] "(3) The court may order that a necessary and reasonable sum be paid to the attorney, either directly by the other spouse or from the spouse's assets over which the court has jurisdiction."

still being held. The trial court should direct that any of the garnished amount still held by the court clerk should be turned over to plaintiff to satisfy the attorney fee awards. If an amount is still outstanding, plaintiff may garnish the balance from defendant's military retirement pay under subsection (d)(5); but in no event may the amount payable by way of direct payment under subsection (d)(1) (see section I of this opinion) when combined with any garnishment to satisfy attorney fee awards under subsection (d)(5) exceed 50% of the disposable retirement pay. 10 USC 1408(e)(1).

Reversed and remanded.