Sidney B. WHITFIELD, Appellant,

v.

ANHEUSER–BUSCH, INC., Appellee.

No. 86–1469.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1986.

Decided May 27, 1987.

Helton Reed, Jr., St. Louis, Mo., for appellant.

Thomas Walsh, St. Louis, Mo., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and HUNTER,[*] Senior District Judge.

McMILLIAN, Circuit Judge.

Sidney B. Whitfield appeals from a final order entered in the District Court[1] for the Eastern District of Missouri granting summary judgment in favor of Anheuser-Busch, Inc., in this action brought under 42 U.S.C. § 2000(e), *et seq.* The district court granted summary judgment based on the equitable doctrine of laches. For reversal, Whitfield argues the district court improperly granted summary judgment because there are issues of material fact regarding whether laches should apply in the circumstances of this case. Whitfield contends specifically that (1) he was not guilty of unreasonable and unexcused delay in filing this suit and (2) Anheuser-Busch was not prejudiced as a result of this delay. For the reasons discussed below, we affirm the judgment of the district court.

Whitfield, a black man, was employed as a research assistant in the Corn Products Division of Anheuser-Busch from May 1968 to January 1973. In late 1972, Dr. James Teng, supervisor of the Corn Products Division, was notified by his superior, Dr. Barry Scallet, that a personnel reduction was necessary. Dr. Teng determined that Whitfield would be laid-off and notified Whitfield that his employment would end January 30, 1973.

On January 17, 1973, Whitfield filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging he was chosen for termination on the basis of race, while white employees with less seniority retained their jobs. The EEOC investigated the charge and in October 1974 held a hearing. The case then remained dormant for almost ten years, until, in July 1983, the EEOC issued Whitfield a Notice of Right to Sue.

Whitfield filed suit in district court on October 4, 1983, within the statutory time following issuance of the Notice of Right to Sue. The parties began discovery and Dr. Teng and Dr. Scallet were deposed by Whitfield's counsel. At the deposition, both men testified that they could no longer accurately recall the events leading up to the decision to terminate Whitfield. Based on the depositions of these two key witnesses, Anheuser-Busch filed a motion for summary judgment based on the doctrine of laches.

The district court granted Anheuser-Busch's motion for summary judgment, ruling that Whitfield's action was barred by the doctrine of laches. The district court concluded that Whitfield's ten-year delay in filing suit was unreasonable and unexcused and that Anheuser-Busch had been prejudiced by the delay because the impaired recollection of the employer's two key witnesses would harm its defense. Whitfield now appeals.

 The equitable doctrine of laches is a proper defense in a Title VII action and a court may use laches to reach "a just result." *EEOC v. Liberty Loan Corp.*, 584 F.2d 853, 856 (8th Cir.1978) (*Liberty Loan*), *citing Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424–25, 95 S.Ct. 2362, 2374–75, 45 L.Ed.2d 280 (1975). Laches may be used to bar a lawsuit when the plaintiff is guilty of (1) unreasonable and unexcused delay, (2) resulting in prejudice to the defendant. *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 804 (8th Cir. 1979) (*Goodman*), *cert. denied*, 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980). Laches is an affirmative defense and the burden of persuasion generally rests with the defendant.[2] *Id.* at 806. In this circuit,

---

[*] The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri, sitting by designation.

[1.] The Honorable Edward H. Filippine, United States District Judge for the Eastern District of Missouri.

[2.] In *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800 (8th Cir.1979), however, this court ob-

laches may apply either when the delay in bringing suit was caused by a private plaintiff or when the delay is the fault of an administrative agency.[3] *Liberty Loan,* 584 F.2d at 856. The present case is thus a proper setting in which to consider the defense of laches.

Whether laches should apply is a matter within the sound discretion of the trial court. *Goodman,* 606 F.2d at 804. We conclude the district court did not abuse its discretion in applying the defense of laches in the present case.

■ In examining the "unreasonable and unexcused delay" prong of the laches standard, we consider both the length of the delay and the plaintiff's reasons for the delay. *See, e.g., id.* at 804. Whitfield filed an EEOC charge promptly upon his termination in 1973 by Anheuser-Busch. Yet for ten years after the EEOC investigation and hearing, Whitfield made no attempts to check on the status of his charge. Whitfield has not provided any meaningful explanation for his long silence or denied that he knew he could request the Notice of Right to Sue from the EEOC within 180 days after first filing his charge of discrimination. *See* 29 C.F.R. § 1601.28 (1978). We agree with the district court's finding that Whitfield's ten-year delay in filing this suit was unexcused.

In the circumstances of this case, we also agree with the district court's finding that the length of delay was unreasonable. Each case must be considered on its own facts in determining the reasonableness of the delay; laches is an equitable, hence flexible, doctrine, and no length of time is considered *per se* unreasonable. *Liberty Loan,* 584 F.2d at 857. The district court compared the facts of the present case with the facts underlying other decisions of this court and determined that ten years was an unreasonable delay. In *Liberty Loan,* for example, this court held that a delay by the EEOC of four years and four months was unreasonable, particularly absent any excuse other than a heavy agency workload. 584 F.2d at 857–58; *accord Boone v. Mechanical Specialities Co.,* 609 F.2d 956, 959 (9th Cir.1979) (seven years); *Jeffries v. Chicago Transit Authority,* 770 F.2d 676, 680 (7th Cir.1985) (ten years), *cert. denied,* — U.S. ——, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986).

The second prong of the laches standard requires Anheuser-Busch to show that it was prejudiced by the delay. In support of its motion for summary judgment, Anheuser-Busch submitted the depositions of the two employees responsible for terminating Whitfield in 1973. Both employees testified that they could no longer accurately recall the events leading to the decision to lay-off Whitfield. The district court found that the hampered recollection of these two key witnesses would hinder Anheuser-Busch's defense and therefore ruled that Anheuser-Busch had been prejudiced by Whitfield's delay in filing suit.

■ Not all prejudice to a defendant will be recognized as supporting a defense of laches. *Goodman,* 606 F.2d at 808 n. 17. The prejudice that will support a defense of laches includes loss of evidence in support of the defendant's position or the unavailability of witnesses. *Id.* Whitfield contends that Anheuser-Busch's claim that its two key witnesses are unavailable by reason of impaired recollection is contrived and self-serving. Whitfield has presented no evidence to support this allegation, however. Further, Whitfield's counsel was present when both witnesses were deposed and had ample opportunity to cross-examine them to expose any lack of credibility. The witnesses' claim of limited recollection is per-

---

served that in assigning the burden of proof of laches, a court may take into account which party can best provide proof of a particular aspect of the case. *Id.* at 806. "Thus," we noted, "a defendant may better be able to establish that it has been prejudiced because of delay, while the plaintiff will generally have greater knowledge of the reasons for the delay and any excuse therefor." *Id.*

**3.** *But see, e.g., Cleveland Newspaper Guild v. The Plain Dealer Publishing Co.,* 813 F.2d 101 (6th Cir.1987) (reliance on EEOC's administrative process, even resulting in ten-year delay in filing suit, does not constitute inexcusable delay for laches purposes in Title VII case).

suasive in light of the fact that the events involved were a part of everyday business life that occurred some ten years ago and not some momentous occasion. Based on the impaired recollection of Anheuser-Busch's two key witnesses, we agree with the district court's finding that Anheuser-Busch was prejudiced by the delay in bringing this action.

Accordingly, we conclude the district court did not abuse its discretion in applying laches in this case. The judgment of the district court is affirmed.