**Jimmie Lee MURPHY, Appellant,**

v.

**Dorothy MURPHY, Respondent.**

**No. WD 40413.**

Missouri Court of Appeals,
Western District.

Nov. 22, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 27, 1988.

Application to Transfer Denied
Feb. 14, 1989.

Lori J. Levine, Jefferson City, for appellant.

David L. Knight, Susan Ford Robertson, Columbia, for respondent.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

GAITAN, Judge.

This is an appeal from a circuit court judgment awarding a portion of appellant Jimmie Lee Murphy's vested nondisability military pension to his former wife, respondent, Dorothy Murphy. Appellant contends that the trial court erred on two points. First, it is argued that the trial court erred in awarding any share of appellant's nondisability military pension pursuant to respondent's petition in equity to divide marital assets and in reopening a judgment that was allegedly made final on October 7, 1980.

Second, appellant claims that it was error for the trial court to award respondent any of appellant's nondisability military pension because the alleged unappealable judgment of the trial court in the dissolution decree is *res judicata*. Appellant contends that any action to divide appellant's military pension six and one-half years after the decree was entered is precluded by the equitable doc-trines of waiver, collateral estoppel and laches.

Appellant and respondent's marriage was dissolved and the original dissolution order was entered on October 7, 1980. During the original dissolution proceeding there was no argument made to the trial court regarding military retirement. The only mention of the military retirement was in regard to the deduction of a bond from appellant's paycheck. There was a division made by the court of the savings bonds purchased from the military retirement. Respondent accepted a check for $3000 in settlement of the property ordered sold and divided by the court. The settlement agreement did not specify that it was considering the military pension.

In her petition for dissolution, respondent did not plead that the military pension was a marital asset and did not pray for a division of the same. Furthermore, respondent did not request that appellant's military pension be divided as a marital asset at the dissolution hearing.

On August 15, 1983, appellant filed a motion to modify to terminate child support and maintenance. Respondent, on September 28, 1983, filed an answer and counter-motion to modify raising the issue of appellant's military retirement pay and asking the court to consider it in reviewing the amount of child support and maintenance. However, respondent did not request that appellant's military retirement pay be divided as marital property until a first amended motion to modify was filed on September 4, 1984. The matter was subsequently tried before the Honorable Ellen Roper on September 11, 1985, wherein the court found that the military pension should be divided retroactive to the date of dissolution. However, on appeal, this Court concluded that the judgment, which was based upon respondent's motion to modify, was beyond the jurisdiction of the trial court and was voided. *Murphy v. Murphy*, 716 S.W.2d 870 (Mo.App.1986).

On September 24, 1986, respondent filed an action in equity in the Circuit Court of Callaway County to divide the undistributed marital asset. The Honorable Frank

Conley, in a judgment dated February 16, 1988, awarded respondent one-third (⅓) of 17/25ths of the net (after tax) amount of the pension that appellant had received from the date of dissolution until the date of the trial on this matter, August 20, 1987, in the total amount of Fifteen Thousand Three Hundred Eighty-nine and 76/100 Dollars ($15,389.76), and one-third (⅓) of 17/25ths of the gross amount of pension payments made from and after August 20, 1987.

## I.

■ Appellant's first argument is that the trial court erred in awarding any portion of his nondisability military pension pursuant to the petition in equity to divide marital assets and in reopening the October 7, 1980 judgment. In support of his argument, appellant asserts that at the time of the divorce decree in 1980 the military pension was not and could not be considered marital property pursuant to then existing federal law. We disagree. In 1980, under Missouri law, vested nondisability military pension was marital property which was subject to division by the trial court in a dissolution proceeding. *In re Marriage of Weaver*, 606 S.W.2d 243, 244 (Mo.App. 1980); *Daffin v. Daffin*, 567 S.W.2d 672, 677 (Mo.App.1978).

Appellant contends that *In re Marriage of Weaver* should be disregarded as precedent because the Court of Appeals interpreted federal law (10 U.S.C. § 3911, 3929) differently than the United States Supreme Court did subsequently in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

Notwithstanding the *McCarty* decision, "[p]rior to *McCarty* (citation omitted) it was well settled in Missouri that military retired pay was marital property. *In re Marriage of Weaver*, 606 S.W.2d 243, 244 (Mo.App.1980)." *Sink v. Sink*, 669 S.W.2d 284, 285 (Mo.App.1984). In Missouri court cases that state that vested military pensions are marital property subject to division, the federal law is not mentioned. It appears that appellant is arguing that the federal law should have been considered in determining whether military pension is a marital asset. Missouri courts have not determined how pre-*McCarty* cases are affected by the *McCarty* case and the Uniformed Services Former Spouse's Protection Act (USFSPA), 10 U.S.C. § 1408 (1982). However, other jurisdictions have ruled that the state law at the time of the original dissolution proceedings control and that *McCarty* does not apply retroactively. *See Chisnell v. Chisnell*, 149 Mich.App. 224, 385 N.W.2d 758, 760 (1986); *Casas v. Thompson*, 42 Cal.3d 131, 228 Cal.Rptr. 33, 35, 720 P.2d 921, 926 (1986).

Also in support of his first point appellant argues that the USFSPA does not permit distribution of a military pension as marital property for any divorce decree entered prior to June 26, 1981. This is not so. The relevant portion of the USFSPA states as follows:

> Subject to the limitation of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C. § 1408(c)(1) (1982).

It is clear that the purpose of this section is to reverse the effect of the *McCarty* decision and restore prior state law. *See Sink*, 669 S.W.2d at 285. There is no preclusion in the statute for distribution of military pension as marital property in divorce decrees entered prior to June 26, 1981.

Appellant quotes 32 C.F.R. § 63.6(c)(7) (1985) to the effect that subsequent amendments to court orders issued before *McCarty* that provide for a division of a pension are unenforceable. Court order is defined in 32 C.F.R. § 63.3(3) (1985) as a "final decree." The decree in the instant case is not a court order for the purpose of its regulation because the decree was not final, and the division of appellant's military retirement pay pursuant to respondent's petition in equity is but a completion of the original dissolution decree. The concern of Congress was that a spouse who, under pre-*McCarty* state law, had been de-

nied a share of the pension would try to reopen his or her case through the USFS-PA. However, in this case, the pre-*McCarty* law was in respondent's favor in that Missouri law required distribution of military pension rights as marital property prior to *McCarty*. *See In Re Marriage of Weaver*, 606 S.W.2d 243 (Mo.App.1980); *Daffin v. Daffin*, 567 S.W.2d 672 (Mo.App. 1978). Therefore, the prohibition against reopening decrees is irrelevant to this appeal.

*In Re Marriage of Quintard*, 691 S.W.2d 950 (Mo.App.1985), upon which appellant also relies, is distinguishable from the case at bar. *Quintard* involved a final divorce decree issued after *McCarty* and before the effective date of the USFSPA. The Southern District Court of Appeals found no grounds to reopen this final judgment, but noted that "[a] party can seek the distribution of an omitted marital asset, *Sink v. Sink*, supra, 669 S.W.2d at 285, but cannot seek the redistribution of property covered by the decree." *Quintard*, 691 S.W.2d at 953–54.

The case at bar concerns the distribution of an omitted marital asset, appellant's military pension. Therefore, the military pension as an omitted asset can now be distributed in accordance with Missouri law that existed at the time of the original dissolution proceedings. Appellant's proposition that the *McCarty* decision should somehow defeat respondent's petition to have the undistributed military pension treated as marital property subject to division is unwarranted and, therefore, the decision of the trial court is affirmed.

## II.

Appellant's second argument is that the trial court erred in awarding respondent a share of the nondisability military pension because the unappealed judgment of the October 7, 1980 divorce decree of dissolution is *res judicata*. Appellant relies upon *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980), wherein the Missouri Supreme Court distinguished between finality for purposes of appeal and the concept of *res judicata*. However, in

*McClintock*, the Missouri Supreme Court found that a failure to divide all of the marital property would be "*res judicata and final* as to the property with which it has dealt." *McClintock*, 608 S.W.2d at 407. In the case at bar, the military pension was only mentioned during the dissolution trial proceeding. The testimony of appellant was as follows:

Q. Okay. And do you recall whether that military pension was discussed in the court on the date your divorce trial?

A. Yes, it was.

Q. Okay. Did you testify about it?

A. Yes. I testified I was drawing a pension.

Respondent also testified that the pension was only mentioned in the dissolution proceedings.

Q. All right. In connection with the trial of the lawsuit, what was mentioned, if anything, with respect to the military pension of Mr. Murphy?

A. Just basically that he had bonds, savings bonds taken out of that, and that was it.

Appellant's *res judicata* argument also falls short in light of *Chrun v. Chrun*, 751 S.W.2d 752 (Mo. banc 1988), wherein the Missouri Supreme Court specifically held that "[t]o the extent that property is not divided by the decree of dissolution, the only remedy after the judgment becomes final is a separate suit in equity." *Chrun*, 751 S.W.2d at 755. The Court recognized its prior holding in *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980), however, but for property not previously divided the court held that "post-final-judgment efforts to divide marital property not previously divided in a dissolution action require an independent suit in equity." *Id.* at 755.

■ Appellant asserts that the brief reference to the military pension at the time of the dissolution hearing created a situation where the military pension was not an asset overlooked or unknown to the parties or the court. However, nothing in the original dissolution decree or in the court's

records indicates any allocation or division of this military pension by the dissolution trial court. In addition, Judge Conley, in his decision to divide the military pension took into account the amount of maintenance originally awarded. Therefore, the court, in its discretion, assessed that the military pension had originally been totally omitted.

The trial court did not err in awarding respondent a share of appellant's military pension pursuant to appellant's arguments that such constituted *res judicata* or a reopening of a final judgment as these doctrines apply only to property actual considered and divided by the earlier decree. *Quintard*, 691 S.W.2d at 953–54. Since appellant's military pension was not considered or divided by the dissolution trial court in the case at bar, such a division was a proper exercise of the trial court's discretion.

As support for his final argument appellant contends that any action to divide the military pension six and one-half years after the decree was entered is precluded by the equitable doctrines of waiver, collateral estoppel and laches.

In *Block v. Block*, 593 S.W.2d 584 (Mo. App.1979), this Court, in a marriage dissolution proceeding, reviewed the elements of estoppel and refused to apply the doctrine to prohibit the wife from appealing a finding by the dissolution trial court that a settlement agreement was conscionable. This Court noted with respect to estoppel that:

> [t]here simply is no basis to conclude that the husband's position has been worsened and that an appeal in this case would cause him to lose in the long run if the judgment were altered at the time of the eventual determination of this appeal.

*Block*, 593 S.W.2d at 590.

Under the rationale of *Block* and the facts in this case, no defense of estoppel can be raised. Appellant is required to demonstrate and prove that his position would, in fact, be worsened if the court would fail to allow him to raise the defense of estoppel. Actual proof of a legal detriment is required to raise the defense of estoppel. *Block*, 593 S.W.2d at 590.

In *Higgins v. McElwee*, 680 S.W.2d 335 (Mo.App.1984), the appellate court denied that a claim was barred by laches and reviewed the requirements of invoking the equitable defense of laches and held that "[m]ere delay does not of itself constitute laches, the delay must be unreasonable and unexplained and must be shown to have caused disadvantage and prejudice to the defendant." *Higgins*, 680 S.W.2d at 341. The court further held that "[e]quity does not encourage laches and the doctrine may not be invoked to defeat justice but only to prevent injustice." *Higgins*, 680 S.W.2d at 341.

■ In the case at bar, the delay in seeking a division of the military pension was not unreasonable or unexplained. Appellant has not shown that any injustice has resulted from the decision of the trial court in distributing a portion of the military pension. Neither has he shown a change in his position that would not have occurred but for the delay. Therefore, the equitable doctrines do not apply to the court's division of the military pension.

In a court tried case this Court must affirm the ruling of the trial court unless the ruling would be against the weight of the evidence, would be unsupported by substantial evidence, or would erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's decision is supported by substantial evidence and is not clearly erroneous.

The decision of the trial court in awarding respondent a portion of appellant's military pension is affirmed.

All concur.