**Dolores A. PARR, Appellant,**

v.

**Bobby Joe PARR, Respondent.**

**No. WD 40892.**

Missouri Court of Appeals,
Western District.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1989.

Application to Transfer Denied
Aug. 1, 1989.

---

John W. Dennis, Jr., Independence, for appellant.

Clifford A. Falzone, Moberly, for respondent.

Before BERREY, P.J., and
MANFORD and GAITAN, JJ.

GAITAN, Judge.

Petitioner-appellant, Dolores A. Parr, appeals the trial court's decision to not apportion any of respondent, Bobby Joe Parr's military retirement pension benefits to her as a former spouse of a retired member of the United States military, and attorney fees. Affirmed.

The original dissolution hearing occurred on January 16, 1978 in Pettis County, Missouri. A transcript of the hearing from that case reflects that Dolores was the only party to testify, although both parties were represented by an attorney. The parties were married July 24, 1955. They had five children, three of whom were unemancipated at the time of the dissolution and were placed in the custody of their mother. Dolores testified at the dissolution hearing that the Stipulation and Property Settlement Agreement (Agreement) that was entered into disposed of all their marital property. She also testified that Bobby Joe earned $680.00 per month and that he also received $460.34 per month as his retirement from the Navy. Thereafter, the Honorable Donald L. Barnes noted that Bobby Joe's total monthly income was in excess of $1000.00.

The Agreement enumerated certain items to Dolores: (1) the residence of the parties in Pettis County, Missouri; (2) the household furniture, furnishings and contents; (3) the real estate owned by the parties in Texas; and (4) a 1970 Pontiac. In addition to receiving a 1971 Plymouth station wagon, Bobby Joe also received his clothing, fishing equipment and a rifle. The enumerated items were not identified in detail and there were no legal descriptions or addresses of the real property or vehicle identification numbers for the automobiles. The last paragraph of the Agreement provided that:

12. All of the rest and residue of the property not herein enumerated and set forth in more detail, shall be and become the property of [Bobby Joe Parr].

There was no express mention of the military retirement in the Agreement. The trial court's docket entry in the present action does not indicate whether it was concluded that the military pension had been distributed in the original dissolution action or that Dolores was simply not entitled to any portion thereof.

■ The first point raised is that the trial court erred in denying Dolores a portion of the nondisability military retirement benefits in that those benefits were marital property and undistributed in the original dissolution action. We disagree. In 1978, under Missouri law, nondisability military pension was marital property which was subject to division by the trial court in a dissolution proceeding. *Daffin v. Daffin*, 567 S.W.2d 672, 677 (Mo.App.1978); *In re Marriage of Weaver*, 606 S.W.2d 243, 244 (Mo.App.1980). The parties were already married when Bobby Joe entered the Navy and the pension benefits had vested and matured at the time of their dissolution.

Section 452.330, RSMo 1986, requires that the dissolution court distribute all martial property between the parties. Although the dissolution court is not required to ascribe a value to each item distributed, there must be sufficient evidence in the decree upon which the trial court could have determined the value of the property disposed. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984). Additionally, section 452.325, RSMo 1986, authorizes the parties to enter into a separation agreement. The court is bound by the agreement "unless it finds, after considering the economic circumstances of the parties and other relevant evidence produced by the parties ... that the separation agreement is unconscionable." § 452.325.2, RSMo 1986.

In the case at bar, there is no mention of the military pension in the court's Order or in the parties' Agreement. However, at

the dissolution hearing Dolores was asked the following by her attorney:

Q. Dolores, you and he have arrived at a property settlement with respect to your property, have you?

A. Yes.

Q. I will show you a copy of what we have just filed today and ask you if that is your property settlement?

A. Yes.

Q. Do you see some signatures on the second page of that?

A. Yes.

Q. Do you recognize the signatures?

A. Yes.

Q. Whose signatures are those?

A. Bobby Joe's and mine, yours and Mr. Brown's.

Q. That is dated as of today, is that correct?

A. Yes.

Q. You signed that this morning?

A. Yes, I did.

Q. Does this dispose of all of your marital property?

A. Yes. It does.

Q. Are you satisfied that it is both fair to you and to your husband?

A. Yes.

Q. Are you asking the Court to approve that?

A. Yes.

The court also asked Dolores questions in regard to her husband's income:

INTERROGATION BY THE COURT

Q. What is your husband's employment?

A. Missouri State Department of Corrections.

Q. What is his income?

A. The last I knew, it was six hundred and eighty dollars a month for that. Then he has retirement from the Navy.

Q. What does that amount to?

A. Four hundred and sixty dollars and thirty-four cents.

Q. So the total income would be in excess of one thousand dollars?

A. Yes. He is getting some money for going to school right now but that won't last too long.

After listening to Dolores' testimony, the court approved the Agreement and the division of the marital property pursuant to the Agreement.

The dispositive issue in the case at bar is whether there was sufficient evidence before the dissolution court to allow the "catchall" paragraph in the Agreement to encompass the military pension pay so that the pension is not an omitted, undistributed marital asset. In relation to this issue is Dolores' second contention that the trial court erred in refusing her attorney's offer of proof. Robert Liston had been Dolores' attorney in the dissolution action and testified before the trial court. The following offer of proof was presented before the trial judge.

MR. DENNIS: Your Honor, the question would be whether or not there was any communication between Mr. Brown and Mr. Liston concerning Mr. Parr's military retirement benefits prior to the entry—or the entry of this Stipulation and Property Settlement Agreement, and the proof would be that the answer would be no, no communications were had between the attorneys on that subject, and I believe that this particular document not specifically referring to the military pention (sic) benefits nor the court's order referring to the military pension benefits is vague with respect to that specific item of property, and whether or not it was discussed between the attorneys and contemplated as a part of the distribution of assets in this case is critical to the issue of whether or not they intended for the distribution of assets.

THE COURT: Is that your offer of proof?

MR. FALZONE: Object to the offer of proof.

THE COURT: I will deny the offer of proof, and I might say so that the record is clear about my feelings about it, I assume that if the attorneys had discussed the matter it would have a

presence in the agreement, so I think your point is well taken, apparently from the agreement it was not touched upon.

We believe that the offer of proof was properly denied by the trial court because the Agreement speaks for itself. It is irrelevant whether there was communication between the attorneys regarding the military pension. The relevant consideration is whether the judge at the dissolution hearing considered the military pension in his approval of the Agreement and subsequent inclusion of the terms of the Agreement into the dissolution Order. We believe the evidence before the dissolution court was sufficient for the judge to consider the distribution of the military pension before approving the property settlement. A husband and wife have the right to enter into a settlement agreement in order to adjust all of their property rights. However, the contract or agreement must not be unconscionable which would occur "if its inequality is so strong, gross, and manifest that it must be impossible to state it to one of common sense without producing an exclamation at the inequality of it." *In re Marriage of Whittier*, 734 S.W.2d 949, 957 (Mo.App.1987).

Based upon the evidence presented, it was not against the weight of the evidence for the dissolution court to approve the Agreement. *Dow v. Dow*, 732 S.W.2d 906, 908 (Mo. banc 1987). It is reasonable to conclude that the dissolution court itself, although not stated in the Order, considered the military pension benefits as marital property at the dissolution hearing. The law does not require that the military pension benefits be divided, only that they are considered part of the marital property. *Davolt v. Davolt*, 764 S.W.2d 497, 499 (Mo. App.1989).

This case is distinguishable from *Murphy v. Murphy*, 763 S.W.2d 237 (Mo.App. 1988), a case recently decided by this Court. In *Murphy*, there was no mention of the military pension in the dissolution decree, as is the case here. However, there also was nothing in the court's records indicating that the military pension

was considered by the court, and therefore the trial court assessed that the "pension had originally been totally omitted." *Id.* at 241. Here, there was evidence in the dissolution court's records that indicated that the military pension was considered before the court approved the Agreement and entered the Order.

The trial court heard evidence as to the value of the assets enumerated in the Agreement. Dolores ascribed a net value of $6,500.00 to the items set aside to her. She ascribed a value of $500.00 to a station wagon Bobby Joe was to receive, and another $500.00 to his clothing, fishing equipment and rifle. Conversely, Bobby Joe assessed $8,500.00 as the net value of the property items set aside to Dolores, excluding the two parcels of real estate. He testified that he believed the Pettis County and Texas properties had been purchased for $24,500.00 and $3,500.00, respectively. In light of the statutory factors governing division of marital property and the totality of the evidence presented, it was reasonable for the trial court to conclude that the dissolution court reached a just result.

Appellate review of a court-tried case is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court must be upheld unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32. In the case at bar, this Court cannot state that the trial court's affirmation of the original dissolution decree was adverse to the principles stated in *Murphy v. Carron*. Therefore, we affirm the judgment of the trial court that the military pension was not an omitted and undistributed marital asset.

The judgment of the trial court is affirmed.

All concur.