**Loretta G. GRIESHABER,**
**Plaintiff/Appellant,**

v.

**Peggy GRIESHABER,**
**Defendant/Respondent.**

No. 56843.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 26, 1990.

Christopher Karlen, Ziercher & Hocker,
P.C., St. Louis, for plaintiff/appellant.

James J. Knappenberger, Shaw, Howlett
& Knappenberger, Clayton, for defen-
dant/respondent.

HAMILTON, Presiding Judge.

This is an action in equity by a former wife against the widow of her former husband seeking to have the trial court allocate to her, as marital property, a portion of the deceased husband's pension benefits. The trial court ruled against decedent's former wife and in favor of his widow. We affirm.

Plaintiff, Loretta Grieshaber, married Darvin Charles Grieshaber (hereinafter Grieshaber) on February 5, 1949. Grieshaber, through his employment as a glazier, began participating in the Glaziers Local Union 513 pension plan in the 1950's. Grieshaber continued to work as a glazier and to participate in the pension plan during his marriage to Plaintiff.

On July 19, 1974, Plaintiff filed a petition in the St. Louis County Circuit Court to dissolve her marriage to Grieshaber. In the petition, which contained an Agreement marked as Exhibit A, Plaintiff sought to have the Court approve the appended Agreement as the parties' property settlement. The Agreement mentioned no pension.

On November 21, 1974, the St. Louis County Circuit Court dissolved the marriage of Plaintiff and Grieshaber. Plaintiff appeared and testified at the dissolution hearing, but Grieshaber failed to appear and remained in default. The decree divided no pension between Plaintiff and Grieshaber. Nor was any mention of a pension made in the court file pertaining to the dissolution of the marriage between Plaintiff and Grieshaber. At or after the dissolution hearing, Plaintiff and Grieshaber divided the property according to the terms of the Agreement.

Had Grieshaber ceased working as a glazier on November 21, 1974, and had no further contributions been made to his pension after that date, his pension would have paid monthly installments of $348.50 upon Grieshaber's retirement.

Grieshaber married Defendant, Peggy Grieshaber, on September 2, 1979. He retired from his employment as a glazier on December 1, 1985. At that time, Grieshaber began receiving monthly pension payments of $1,195.43.

On February 26, 1986, Grieshaber filed a Motion to Modify in the dissolution action, requesting the trial court to eliminate his maintenance obligations to Plaintiff. Grieshaber's Statement of Property and Statement of Income and Expenses, filed in the modification proceeding, show the existence of his pension and the receipt of $1,195 per month in pension benefits. On February 2, 1987, Plaintiff and Grieshaber entered into a modification agreement whose terms were incorporated into the trial court's order of that date. Neither the modification agreement nor the trial court's order mentions the pension.

Grieshaber died on October 21, 1987. Defendant was the beneficiary under his pension plan.

On May 26, 1988, Plaintiff filed against the Estate of Darvin Grieshaber, a "Motion for Modification of Decree and Distribution of Marital Property" in the dissolution action, requesting that Grieshaber's pension be distributed as marital property by the trial court. On June 22, 1988, Defendant filed a motion to dismiss Plaintiff's motion. On July 29, 1988, the trial court sustained the motion to dismiss. The trial court's order neither mentioned the pension nor specified the grounds upon which it sustained the motion to dismiss.

On October 18, 1988, Plaintiff filed the present action in equity praying that Darvin Grieshaber's pension be distributed between herself and Defendant.

At trial, on April 26, 1989, Plaintiff testified that, before the date of the dissolution of her marriage, she knew that her husband participated in a pension plan. She testified that she learned of Grieshaber's retirement shortly after he retired.

She further testified that she was served a copy of Grieshaber's motion to modify, filed on February 26, 1986. At that time, Petitioner was represented by counsel. She also admitted that she received Grieshaber's statement of property showing that he was receiving a pension from the Glaziers Local Union 513 in the amount of $1,195.43 per month.

On May 19, 1989, the trial court issued its decree, holding that Plaintiff's cause of action was barred by laches and by equitable estoppel.

The value of Grieshaber's total pension in present day dollars is $120,543.00. The pension that had accumulated on the date the marriage of Plaintiff and Grieshaber was dissolved was valued at $29,139.00.

 A litigant is entitled to bring a separate action in equity to distribute marital property not considered by the trial court at dissolution. *Karney v. Wohl,* 785 S.W.2d 630, 633 (Mo.App.1990). Equity will provide relief against a judgment obtained by extrinsic fraud, accident or mistake. *Chrun v. Chrun,* 751 S.W.2d 752, 755 (Mo. banc 1988).

 Plaintiff in the instant case contends that the trial court erred in holding that her claim was barred by laches. The question of laches is a question of fact to be determined from all the evidence and circumstances adduced at trial. *Lyman v. Walls,* 660 S.W.2d 759, 761 (Mo.App.1983). Invocation of laches requires that a party, with knowledge of the facts giving rise to his rights, delays assertion of them for an excessive length of time and the other party suffers prejudice therefrom. *Id.* The prejudice that supports laches can include 1) a loss of evidence that would support defendant's position and 2) a change of position in a way that would not have occurred but for the delay. *Id.* Unavailability of witnesses constitutes one way that a defendant can suffer a loss of evidence resulting from the unreasonable delay of the plaintiff. *Whitfield v. Anheuser–Busch, Inc.,* 820 F.2d 243, 245 (8th Cir. 1987).

In *Whitfield,* the Eighth Circuit held that laches barred an employment discrimination claim filed ten years after the employee's allegedly discriminating layoff resulting in termination of his employment. *Id.* at 244–245. The Court found prejudice to the employer by the delay because the two employees responsible for terminating the plaintiff could no longer accurately recall the events leading to the decision to lay off the plaintiff. *Id.* at 245.

 In the instant case, Plaintiff failed to file her petition to divide Grieshaber's pension until fourteen years after the dissolution proceedings. During those years and even prior to the date of dissolution, Plaintiff was aware that Grieshaber had a pension. Plaintiff delayed filing an action for division of the pension until after the death of Grieshaber. His death constituted a prejudicial loss of evidence for Defendant because she was not privy to conversations about the pension between Grieshaber and Plaintiff. Defendant only knew that Grieshaber had named her as beneficiary of his pension. Equity views with disfavor suits brought long after transactions have occurred, and death has sealed the lips of those familiar with the transaction. *St. Louis Union Trust Co. v. Busch,* 346 Mo. 1237, 1245, 145 S.W.2d 426, 431 (Mo.1940). Had Plaintiff brought the suit while Grieshaber were alive, Grieshaber might have been able to explain why the pension was not divided at the dissolution.

Plaintiff bases her cause of action upon *Murphy v. Murphy,* 763 S.W.2d 237 (Mo. App.1988). In *Murphy* the Western District upheld the trial court's order that the former wife receive a share of her former husband's pension pursuant to a petition in equity, filed by former wife, to divide marital assets undistributed by the dissolution decree six years earlier. The Western District declined to bar the former wife's claim by either laches or estoppel. *Id.* at 241.

 The present case, however, is distinguishable from *Murphy* because the delay here was fourteen years, whereas it was only six years in *Murphy,* and because the husband in *Murphy* was still living at the time of the second action. In the case at bar, the trial court appropriately invoked laches because the record demonstrates an unreasonable and unexplained delay as well as disadvantage and prejudice to the defen-

dant.*

Judgment affirmed.

CARL R. GAERTNER and STEPHAN, JJ., concur.

---

* The trial court also found that plaintiff's action was barred by equitable estoppel. Estoppel is an affirmative defense which must be pled. Mo.Sup.Ct.R. 55.08. *See also Phipps v. Shelter Mutual Ins. Co.,* 715 S.W.2d 930, 934 (Mo.App. 1986). Because Defendant failed to plead estoppel, the trial court erred in holding the action barred by estoppel. This error, however, was harmless because plaintiff's action was properly barred by laches.