PARKS and others v. THE STATE.

1. Nil debet is a bad plea to an action of debt on a bond with collateral conditions.
2. An omission on the part of the State to bring suit upon an official bond, upon the default of the officer to account, for several years after the default occurred, will not discharge the securities. Laches will not be imputed to the State.
3. The State is not included in, nor barred by, any act of limitation, unless expressly named therein.

Appeal from the Circuit Court of Ray county.

*Rees for Defendants.*

The defendants contend that the court erred in sustaining the demurrer to their plea as aforesaid. See 1 Story Equ. 321–2; the People v. Janson, 7 J. R. 332, and Pain v. Packford, 13 J. R. 174.

*Opinion of the Court by Scott, Judge.*

This was an action of debt on a collector's bond, in which judgment was obtained by the State against the appellants. The appellants, in February, 1836, became securities for William Mauzey, as collector of Ray county, and with him entered into bond to the State of Missouri, with the conditions prescribed by law. The declaration avers as a breach of the condition of the bond, that Mauzey, in February, 1837, and before and since that time received large sums of money, for which he failed to account. Thé appellants pleaded *nil debet*, *non est factum*, performance of the conditions of the bond, and a plea alleging in substance, that in the latter part of the year, 1836, Mauzey died intestate, and letters of administration were granted on his estate; that the administrators advertised in the public newspapers that letters of administration had been granted to them, with their date, and requiring all persons having claims against the estate, to exhibit them for allowance within one year after the date of the letters, or they might be precluded from any benefit of said estate; and that if such claims were not exhibited within three years from the date of said letters, they should be forever barred; and that three years had fully elapsed after the date of said letters before the commencement of this suit. It is further alleged that they had no notice of any default or other liability of the said Mauzey, as collector, until after the expiration of three years from the date of the said letters; by reason whereof they have been precluded from any benefit of the estate of the said Mauzey, in consequence of their liability as his securities.

To the first and last pleas the defendant in error demurred, and the demurrer was sustained. This is the error of which complaint is made.

Nil debet is a bad plea to an action of debt on a bond with collateral conditions. Chitty's Pleadings, 478.

<span style="float:right">Nil debet is a bad plea to an action of debt on a bond with collateral conditions.</span>

As to the second plea, the counsel for the appellants have relied on the case of the People v. Janson, reported in 7th Johnson 332, in which it was held, that in an action brought against a surety on a bond given for the faithful discharge of

SEPT'R TERM, the duties of a loan officer under a statute of New York,
1841.       the surety might set up in his defence the laches of the su-
Parks       pervisors in not discharging and prosecuting the loan officer
v.          for his first default, but suffering him to continue after re-
The State.  peated defaults, for more than ten years, when he became
            insolvent, and without prosecuting the officer as required by
            law; and when no notice was taken of the defaults of the
            principal until after the death of the surety, this laches of
            the supervisors was held to be a good defence, especially in
            a suit against the surety's heirs. In the case of the United
            States against Kirkpatrick, 9th Wheaton, 737, Justice Story
            says, the Supreme Court of the United States are not pre-
            pared to yield to the authority of the case of The People v.
An omission Jansen, and that laches not being in general imputable to the
on the part of government, a mere omission to bring a suit upon the ne-
the State to
bring suit up- glect of an officer or agent to account, where the laws re-
on an official quire a periodical account and settlement, will not discharge
bond, upon
the default of his sureties. If laches cannot be imputed to the govern-
the officer to
account, for ment, it will follow, that those who become securities for
several years public officers must look after them. And the statute con-
after the de-
fault occur- cerning securities has provided a mode in which they may
red, will not
discharge the be relieved from future liability when they are apprehensive
securities
Laches will of loss. The securities might have ascertained that Mau-
not be impu- zey was in arrear, and paid the amount, and then they would
ted to the
State.       have been substituted for the State, and been entitled to her
            priority in the administration of the assets: as it is, they
            cannot be barred, for their claim against the estate of Mau-
            zey does not accrue until they have paid the demand of the
The State State. No principle is better settled than that the State is
is not inclu-
ded in, nor never included in an act of limitation unless expressly named,
barred by any
act of limita- and is not barred by it. Nullum tempus occurrit reipublicæ,
tion, unless is a maxim of our law.
expressly
named there-   Judgment affirmed.
in.