## YOUNT et al. vs. YOUNT et al.

1. Under the statute regulating partition, the circuit court has no jurisdiction to make partition of real estate situated in another county, unless it is divided by a county line, or all the parties in interest are adults, and parties to the petition.

## ERROR to Cole Circuit Court.

PARSONS, for plaintiffs in error.

The Cole circuit court, in this action, had jurisdiction of the lands, mentioned in the petition, lying in the counties of Boone and Callaway; and should have rendered judgment for the assignment of dower and partition of said lands. Rev. Statutes of Mo. p. 766, sec. 1, page 774, secs. 56, 57, 58.

GAMBLE, J., delivered the opinion of the court.

The plaintiffs in error filed a petition in the circuit court of Cole county, stating that John Yount, of Callaway county, had died seized

of certain real estate in Cole county, and of other real estate situated in Boone and Callaway counties, and that he had left a widow and seven children, and the son of a deceased child who were the heirs of the said John Yount. The petition alleges that other persons, who are named therein, have some interest in a portion of the property, as tenants in common with the heirs of Yount, but the petitioners are unable to state their interests. The grandson, who is stated to be a minor, and the persons named in the petition as owning interests in common with the heirs, are made defendants. It is alleged that the estate of the deceased, John Yount, has been settled, and that there are sufficient assets to satisfy all debts without resorting to the lands. Partition is prayed of the real estate situated in three counties of Cole, Boone and Callaway.

A guardian ad litem was appointed for the minor defendant, who filed his answer, and proceedings were had to bring in the other defendants.

On the trial of the cause before the court, the question arose, whether in this proceeding under the statute regulating partition, the circuit court of Cole county had jurisdiction to make partition of real estate situated in any other county. The Court decided that it possessed no such jurisdiction, and proceeded to make partition only of the land in Cole county. The plaintiffs excepted to this decision and bring the case to this court to have this question of jurisdiction decided.

The proceeding is strictly a proceeding under the statute, and has none of the features of a suit in chancery, and therefore we look only to the statute regulating partition to determine the jurisdiction of the circuit court. The first section directs that the petition shall be filed "in the circuit court of the county wherein such lands lie, or where any tract of land is divided by a county line, then in the court of either of the counties in which the lands may lie." The only case in which the court of one county can make partition under this section, of land lying in another, is the single case of a tract divided by a county line, which is not this case.

The plaintiff's counsel refers to the 56th and 57th sections as giving the jurisdiction he desires to have exercised. But in this he is mistaken. Those sections contemplate a case in which a person, owning real estate in several counties, dies leaving a widow and adult children, who all come before the court as petitioners and ask for the petition of the lands in different counties. The 57th section, in directing the proceedings to be had upon the petition says, "the court, upon being satisfied that all the parties in interest are adults and parties to the petition, shall thereupon make an order, appointing three persons as commissioners."

In the present case, we have one of the parties in interest, a minor, made a defendant and not admitting the facts stated in the petition, while other persons, having unknown or unascertained interests, are made defendants. These sections, then, do not authorise any partition of the lands in Boone and Callaway counties under this petition.

The judgment of the circuit court was right, and is with the concurrence of the other judges affirmed.