**Randall Dean ADKISSON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 78560.

Supreme Court of Missouri, En Banc.

March 26, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Asst. Atty. Gen., Jefferson City, for Appellant.

William D. Rotts, Columbia, for Respondent.

PER CURIAM.[1]

The director of revenue (Director) appeals from an injunction entered by the circuit court prohibiting the Director from enforcing the denial of Randall Dean Adkisson's (Adkisson) driving privileges. Reversed.

Adkisson was convicted in August of 1976 and again in January of 1980, for driving while intoxicated (DWI), pursuant to § 564.440, RSMo 1969, and § 577.010, RSMo 1978, respectively. On June 3, 1993, Adkisson was convicted of driving with excessive blood alcohol content (BAC), pursuant to § 577.012, RSMo 1994.

The department of revenue sent Adkisson notice of his driver's license revocation on June 25, 1993. The notice cited "multiple DWI convictions" as the reason for the revocation. The notice also stated that Adkisson would not be eligible to receive a new driver's license for ten years, as provided by § 302.060(9), RSMo 1994.

Adkisson initially challenged the department of revenue's action before the circuit court. Adkisson argued that the Director incorrectly concluded that a BAC conviction was a conviction "relating to driving while intoxicated" pursuant to § 302.060(9). That section states:

The director shall not issue any license hereunder . . .

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance . . . *relat-*

---

1. The appeal in this case was originally decided by the Court of Appeals, Eastern District, in an opinion written by The Honorable Mary Rhodes Russell. Following transfer to this Court, the court of appeals opinion, with minor editorial changes, is adopted as the opinion of this Court.

*ing to driving while intoxicated;* except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction.

(Emphasis added.)

In the initial action, the circuit court ruled in the Director's favor. Because of the importance of the issue, the court of appeals ordered the case transferred to this Court.

On transfer, this Court did not rule on whether BAC was a conviction "relating to driving while intoxicated" but, instead, found that Adkisson had failed to state a claim upon which relief could be granted as he had not yet served his one year revocation period nor had he made an application for a new license. *Adkisson v. Director of Revenue,* 891 S.W.2d 131 (Mo. banc 1995).

After serving his one year revocation for points, Adkisson then submitted an application for reinstatement of his driving privileges. Adkisson appeared before the driver's license bureau and established that he had met all of the requirements necessary for reinstatement. On March 31, 1995, the department of revenue informed Adkisson that it was unable to reinstate his license because of the ten year mandatory denial period for persons convicted more than twice of offenses related to driving while intoxicated. § 302.060(9). In the present action, Adkisson filed a petition for review of license denial in the circuit court. The circuit court entered an injunction preventing the Director from enforcing an order denying Adkisson's license. The Director now appeals.

In the only point on appeal the Director contends that convictions for excessive blood alcohol content are related to driving while intoxicated for purposes of § 302.060(9); therefore, the trial court erred in granting an injunction preventing the Director from denying Adkisson's license. The issue in this case was correctly decided in *Wilson v. Director of Revenue,* 873 S.W.2d 328 (Mo.App. 1994). In *Wilson* the court of appeals found

that BAC convictions were convictions related to driving while intoxicated for purposes of § 302.060(9). In that opinion the court relied upon both the legislative history and rules of statutory interpretation. We find that analysis convincing and controlling.

The judgment is reversed.

All concur.