DIRECTOR OF REVENUE, Appellant,

v.

Jimmie L. OLIPHANT, Respondent.

No. WD 52631.

Missouri Court of Appeals,
Western District.

Feb. 11, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

David Lodwick, Excelsior Springs, for respondent.

SPINDEN, Judge.

The director of the Department of Revenue suspended Jimmie Oliphant's license to drive pursuant to § 302.505 [1] after a breath test revealed that Oliphant was driving with a blood alcohol content of more than .10 percent. Although Oliphant agreed to take the breath test, the circuit court ordered that the license be reinstated because a police officer mistakenly gave him the warning typically given to suspected drunk drivers who *refuse* to submit to a blood test. The director appeals, and we reverse the circuit court's judgment and remand for a new trial.

Police Officer Kevin Hill arrested Oliphant for driving while intoxicated on June 17, 1995, in Liberty. Hill took Oliphant to the Clay County Detention Center where he agreed to submit to a breath test for blood alcohol concentration. Because the test indicated that Oliphant's blood alcohol concentration was .17 percent, the director suspended his driver's license pursuant to § 302.520.

In informing Oliphant of his rights, Hill gave Oliphant the correct suspension form, but he also mistakenly gave him a form entitled, "Refusal to Submit to Alcohol Chemical Test, Notice of Revocation of Your Driving Privilege." The form detailed a length of suspension of one year, with a right

1. All citations to statutes refer to 1994 Missouri Revised Statutes.

to appeal within 30 days to the circuit court of the county where the arrest occurred, and a temporary 15 day driving permit.

Pursuing his remedies under § 302.530, Oliphant requested a hearing before the Department of Revenue. After a hearing on July 31, 1995, the director notified him that his driving privilege was suspended for 90 days beginning on August 23, 1995.

In his appeal to the circuit court, Oliphant argued that the state was estopped from introducing the results of the breath test because Hill had used the wrong form to inform him of his rights. Hill testified that he had used the form inadvertently. The record does not indicate which form Hill gave Oliphant first or whether Oliphant had at any time refused the breath test.

Because of the mistaken notice, the circuit court sustained Oliphant's motion to estop the director from introducing evidence of the breath test and the officer's issuance of the required notice of suspension of license. The circuit court set aside the suspension of Oliphant's license. This was reversible error.

■ A party relying on the doctrine of estoppel has the burden of proving all the essential elements "by clear and satisfactory evidence." *Peerless Supply Company v. Industrial Plumbing & Heating Company*, 460 S.W.2d 651, 666 (Mo.1970). The elements of equitable estoppel or estoppel *in pais* are well established. "To constitute estoppel in pais, three things must occur: first, an admission, statement or act inconsistent with a claim afterwards asserted and sued upon; second, action by the other party on the faith of such admission, statement or act; and third, injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act." *Id.* at 665–66.

■ Estoppel rarely applies to the acts of a governmental body. "Fundamental to an estoppel claim against the government is that in addition to satisfying elements of ordinary estoppel, governmental conduct complained of must amount to affirmative misconduct." *Farmers' & Laborers' Co–Operative Insurance Association v. Director of Revenue,* *State of Missouri,* 742 S.W.2d 141, 143 (Mo. banc 1987).

■ Before estoppel would apply to Oliphant's case, the circuit court would have to find that Hill acted with affirmative misconduct. Instead, the circuit court found that Hill's action was accidental. Estoppel had no application to this case.

Moreover, Oliphant utterly failed to satisfy the reliance element of equitable estoppel. "One claiming an estoppel must have acted in reliance and to his detriment upon the admission or conduct of the one estopped." *Miskimen v. Kansas City Star Company,* 684 S.W.2d 394, 401, (Mo.App.1984). We find nothing which indicates that Oliphant relied on the refusal form. We find no evidence that he was prejudiced in any way by Hill's giving him the wrong form. Oliphant did not testify that he was confused by Hill's mistake. He said only that he was not certain which form applied to his case, but Oliphant has never stated how this has prejudiced him.

Because the circuit court erroneously excluded the director's evidence, we remand the case to the circuit court for a new trial.

SMART, P.J., and ELLIS, J., concur.

