Brian L. JENNINGS, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent

No. 22928.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 30, 1999.

Motion for Rehearing and Transfer
Denied Dec. 22, 1999.

Application for Transfer Denied
Jan. 25, 2000.

Michael Moroni, Bloomfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Brian L. Jennings (appellant) appeals a judgment upholding the denial of his driving privileges by the director of revenue. He contends the trial court erred in holding the director's actions were not barred by the equitable doctrine of laches. This court affirms.

Appellant was released from prison November 4, 1994, after serving five months of a felony driving-while-intoxicated sentence. After he was released from prison, he inquired about getting his driver's license back. He testified that he called the Department of Revenue (the department); that he was told he could have his license returned upon meeting certain criteria. Appellant told the trial court he followed the instructions he received from the department and in 1995, they issued him a license.

In 1997 the department mailed appellant a notice that his driving privileges were being denied, effective May 31, 1997, for five years for having been convicted a second time for driving while intoxicated within a five-year period. The denial was based on convictions that occurred July 11, 1990, and March 17, 1993. The department had not received notification of appellant's 1993 conviction until April 25, 1997. The five years during which the notice stated appellant's driving privileges would be revoked ran from the date of the

second conviction. *See* § 302.060(10), RSMo Cum.Supp.1996.

Appellant appealed the denial of his driving privileges as permitted by § 302.311, RSMo 1994. The trial court stayed the order denying his driving privileges pending trial.

The department mailed another notice to appellant February 24, 1998, advising him that his driving privileges were being denied for ten years for having been convicted more than twice for driving while intoxicated. *See* § 302.060(9), RSMo Cum. Supp.1997. The ten-year denial was based on the two convictions identified in the earlier notice and a June 29, 1994, conviction. The department had not received notification of the 1994 conviction until February 19, 1998.

Appellant amended the petition in his action appealing the earlier denial of driving privileges to include the action covered by the department's February 24, 1998, notice. The trial court stayed that suspension pending trial.

Appellant testified that he quit drinking after he was released from prison. He went to college and completed an associate degree in industrial technology. He was employed as an engineering technician. Appellant's employment required him to drive. He asked the trial court to find that the department's denial of his driving privileges was barred by laches. The trial court held that laches did not apply to the state.

The only point appellant asserts by this appeal is that the trial court erred in declaring the department, as a state agency, was not barred from denying his driving privileges by reason of laches.

■ "Invocation of laches requires that a party with knowledge of the facts giving rise to his rights delays assertion of them for an excessive time and the other party suffers legal detriment therefrom." *Lyman v. Walls,* 660 S.W.2d 759, 761 (Mo. App.1983). For laches to apply, the delay must be unreasonable and unexplained and the other party must be materially prejudiced. *Port Perry Marketing Corp. v. Jenneman,* 982 S.W.2d 789, 792 (Mo.App. 1998). If laches applies, the party attempting to exercise his or her rights is barred from doing so.

Appellant has cited no Missouri case in which a state agency has been barred from enforcing its statutory duty on the basis of laches, and this court's independent research has not disclosed such a case. Early Missouri cases acknowledge the general doctrine that laches is not imputable to state government. *See Marion County v. Moffett,* 15 Mo. 384, 385–86 (1852). *See also Parks v. State,* 7 Mo. 194, 196 (1841). A later case, *Kimble v. Worth County R– III Bd. of Educ.,* 669 S.W.2d 949, 954 (Mo.App.), *cert. denied,* 469 U.S. 933, 105 S.Ct. 331, 83 L.Ed.2d 268 (1984), suggests, "[L]aches cannot be invoked to thwart right or justice, but only to defeat resultant prejudice, if not invoked, to one asserting it...."

■ The general assembly established consequences that multiple convictions for driving while intoxicated have on an offender's driving privileges. Appellant may not invoke the doctrine of laches to thwart those consequences. Finding no affirmative misconduct by the state in this case, *see Director of Revenue v. Oliphant,* 938 S.W.2d 345, 346 (Mo.App.1997), this court concludes that to allow appellant to assert laches would thwart right or justice. This court finds no resultant prejudice to appellant. To the contrary, appellant has been permitted to drive during a significant period when his driving privileges should have been denied. The judgment is affirmed.

CROW, P.J., and SHRUM, J., concur.