**Lloyd Dean MOORE, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant–Appellant.**

No. 23995.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 27, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Amy L. Patton, Asst. Atty. Gen., Jefferson City, for Appellant.

No appearance for Respondent.

GARRISON, Judge.

■ The Director of Revenue ("Director") appeals from the judgment of the trial court ordering the reinstatement of Lloyd Dean Moore's ("Moore's") driving privileges, which were originally denied pursuant to Section 302.060(9) [1] for a period of ten years.[2]

Moore was convicted five times in the State of Missouri of driving while intoxicated. Moore's first conviction occurred on December 9, 1976, in Texas County. He then received two municipal convictions

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. Moore has failed to file a brief in connection with this appeal. The failure of a respondent to file a brief on appeal is an imposition on the court and leaves us dependent upon an appellant's presentation and our own research; however, because no penalty is imposed by statute or rule, we proceed to determine the case on its merits. *Massey v. Todd,* 962 S.W.2d 949, 950 n. 2 (Mo.App. S.D.1998).

for driving while intoxicated in Licking, Missouri on October 18, 1983, and May 20, 1991. He received his fourth conviction on January 24, 1995, in Maries County. His last conviction for driving while intoxicated occurred on January 25, 1995, in Texas County. Moore was also convicted for Excess Blood Alcohol Content ("BAC") on October 28, 1975, in Pulaski County.

On April 16, 1998, the Director sent a notice to Moore that his privilege to drive a motor vehicle in Missouri would be denied for ten years pursuant to Section 302.060, because he had been convicted more than twice of driving while intoxicated. In support, the Director cited the following convictions: "01/24/1995 DRIVING WHILE INTOXICATED"; "01/25/1995 DRIVING WHILE INTOXICATED"; "12/09/1976 DRIVING WHILE INTOXICATED." The letter notified Moore that he may be eligible for reinstatement after January 25, 2005, ten years from the last conviction date.

Moore filed a petition for review contesting the Director's action. In that petition, he argued that actions of the Director were in violation of constitutional provisions; in excess of the statutory authority or jurisdiction of the Director; unsupported by competent and substantial evidence upon the whole record; unauthorized by law; made upon unlawful procedure or without a fair trial; arbitrary, capricious, or unreasonable; and an abuse of discretion. On October 4, 2000, the trial court heard the case, and the Director offered, and the trial court admitted, a certified copy of Moore's driving record into evidence. The Director alleged that the delay in denying Moore's privilege to drive a motor vehicle was due solely to the fact that the conviction of January 24, 1995 was not reported to the Director until April 9, 1998. Moore argued that the Director acted in an arbitrary and capricious manner by counting Moore's previous alcohol-related convictions "on some occasions but not counting them on others."

In its judgment, the trial court found that the Director's actions were arbitrary, capricious, or unreasonable, and that the Director was, therefore, estopped from terminating Moore's driving privilege. The trial court based this on the Director's failure to terminate Moore's driving privileges on January 30, 1995 because the trial court found that as of that date the Director had notice that Moore had three convictions for offenses related to driving while intoxicated. The trial court stated that the Director was aware of Moore's convictions in Texas County on January 25, 1995, and December 9, 1976, and in Pulaski County on October 28, 1975. The trial court noted that in 1995, however, the Director only revoked Moore's license for a period of one year, and, therefore, did not recognize the validity of any prior alcohol-related convictions as found on Moore's driving record.

In his sole point on appeal, the Director argues that the trial court erred in setting aside the ten-year denial of Moore's driving privilege because "Moore had several qualifying convictions that met the plain language of the statutory criteria, and estoppel does not lie against a state agency under these circumstances."

Appellate review of bench-tried cases is governed by the principles established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[3] The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is

---

**3.** *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that Rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2001).

against the weight of the evidence, or it erroneously declares or applies the law. *Id.; Roach v. Director of Revenue,* 941 S.W.2d 27, 29 (Mo.App. S.D.1997).

Section 302.060(9) states that the Director shall not issue any license and shall immediately deny any driving privilege to "any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated."

■ In the instant case, the trial court's conclusion that the Director violated Section 302.060(9) when she did not deny Moore's license for a period of ten years on January 30, 1995 is erroneous. While Moore was convicted twice in Texas County for driving while intoxicated, his Pulaski County conviction from 1975 was a BAC conviction. Although the Director recognized Moore's two Texas County convictions when she sent notice to Moore regarding the ten-year revocation, she did not count the Pulaski County conviction toward the ten-year denial because it was not clear, at the time Moore received this conviction, whether Section 302.060(9) included BAC convictions.

In *Adkisson v. Director of Revenue,* 918 S.W.2d 263, 264 (Mo. banc 1996), the court held that BAC convictions were deemed convictions related to driving while intoxicated for purposes of Section 302.060(9). The court cited *Wilson v. Director of Revenue,* 873 S.W.2d 328 (Mo.App. E.D.1994), for the rationale behind its decision. *Adkisson,* 918 S.W.2d at 264. In *Wilson,* the court examined the legislature's intent when it made a statutory amendment that changed the wording of Section 302.060(10), and thus, affected the interpretation of subsection 9 of Section 302.060. 873 S.W.2d at 329–30. In examining subsection 10, the court in *Wilson* stated:

> Prior to being amended in 1987, this subsection applied to "any person ... convicted for the second time of violating the laws of this state *relating to driving while intoxicated* ...." (Emphasis added). When ascertaining legislative intent, it is presumed that the legislature intended to effect some change in existing law by enacting the statute. Otherwise, the enactment would accomplish nothing, and the legislature is not presumed to have intended a useless act. *State v. Ryan,* 813 S.W.2d 898, 901 (Mo.App.1991). By removing the "relating" language from subsection 10, while leaving it intact in subsection 9, the legislature signalled [sic] its intent that the scope of § 302.060(9) should not be limited to violations for driving while intoxicated.

*Id.* at 330.

Prior to the statutory amendment, the Director was not using BAC convictions as the basis for denial under Section 302.060(9) because it was not clear that BAC convictions were within the purview of the statute. Therefore, the Director did not violate Section 302.060(9) by failing to count Moore's Pulaski County BAC conviction from 1975.

Although not mentioned in the trial court's judgment, Moore had also argued at the hearing that the Director did not count two of Moore's prior convictions for driving while intoxicated in Licking, Missouri on May 20, 1991, and October 18, 1983. The Director did not count these convictions because Section 302.060(9) was not amended to include county or municipal convictions until July 1, 1992. *See* Section 302.060(9), RSMo Cum.Supp.1993; Section 302.060(9), RSMo 1986.

Even if the Director should have imposed the ten-year denial earlier, Moore cannot invoke the doctrine of laches to thwart the statutory consequences of Section 302.060(9). "Invocation of laches requires that a party with knowledge of the facts giving rise to his rights delays assertion of them for an excessive time and the other party suffers legal detriment therefrom." *Lyman v. Walls*, 660 S.W.2d 759, 761 (Mo.App. E.D.1983). For laches to apply, the delay must be unreasonable and unexplained and the other party must be materially prejudiced. *Jennings v. Director of Revenue*, 9 S.W.3d 699, 700 (Mo. App. S.D.1999). If laches applies, the party attempting to exercise his or her rights is barred from doing so. *Id.*

The facts in the instant case are similar to those in *Jennings*. Here, the Director did not impose the ten-year denial of Moore's license until April 16, 1998, because she did not receive notification from the court of Moore's January 24, 1995 conviction until April 9, 1998. In *Jennings*, the Director notified the appellant on February 24, 1998, that his driving privileges were being denied for ten years because he had been convicted more than twice of driving while intoxicated. *Id.* The ten-year denial was based on three convictions, July 11, 1990, March 17, 1993, and June 29, 1994. *Id.* at 699–700. The Director did not receive notification of the June 29, 1994 conviction until February 19, 1998. *Id.* at 700. On appeal, the appellant argued that the Director's denial was barred by laches. *Id.* This Court concluded that allowing the appellant to assert laches would "thwart right or justice," and found that the Director could not be barred from enforcing its statutory duty on the basis of laches. *Id.*

The general assembly established consequences that multiple convictions for driving while intoxicated have on an offender's driving privileges. The doctrine of laches may not be invoked to thwart those consequences. Here, the Director engaged in no affirmative misconduct. *See Director of Revenue v. Oliphant*, 938 S.W.2d 345, 346 (Mo.App. W.D.1997). Further, Moore was not materially prejudiced. To the contrary, Moore has been permitted to drive during a significant period when his driving privileges should have been denied. *See Jennings*, 9 S.W.3d at 700. The trial court, therefore, erred in setting aside the Director's ten-year revocation of Moore's driving privileges.

The judgment of the trial court is reversed and remanded. On remand, the trial court is ordered to reinstate the Director's revocation of Moore's driving privileges.

PREWITT, J., and RAHMEYER, J., concur.