

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00178-CR

IVAN MCWILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court No. 14-03868-CRF-272, Honorable Travis B. Bryan, Presiding

March 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Ivan McWilliams was convicted by a Brazos County jury of the offense of aggravated robbery with a deadly weapon[1] and sentenced to fifteen years of

---

[1] TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2018).

imprisonment.[2]  He appeals, challenging the sufficiency of the evidence to support his conviction.  We will affirm.

## Background

At trial, a supervisor in the College Station Police Department's Criminal Division testified to his investigation of a drug deal that turned into a robbery.  The victim of the robbery, Mark Galvan, told the supervisor he was robbed at gunpoint by four men.  Appellant was identified as one of those men.

The robbery occurred at Galvan's duplex apartment.  William Madden had previously bought marijuana from Galvan[3] and, on the night of the robbery, had contacted Galvan to buy more.  Madden asked if some of his friends could also come over and buy marijuana.  Galvan agreed, and Madden later arrived.  The four men, including appellant, arrived together after Madden.

Galvan testified that as he prepared to sell marijuana to the group, he turned around and saw one of them, identified as "Ant," holding a black handgun aimed at Galvan's face.  The man told Galvan to get on the floor, and told Madden the same.  Both complied.  Appellant and another man, Levi Jones-Carroll, were near the front door and the fourth man, Devontae Owens, had left the apartment.  Galvan told the jury he saw two men move around the apartment gathering items to steal.  Along with the marijuana,

---

[2] This is a first-degree felony, punishable by imprisonment for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.32 (West 2018).

[3] Madden also testified at appellant's trial, saying he had purchased marijuana from Galvan "10, 20 times."

he said, they took his laptop computer and his Playstation. Carroll also told Galvan to remove his Fossil watch from his wrist. The men took the watch and Carroll later pawned it.

Evidence showed Madden knew Carroll, Owens, and appellant from high school. After Madden gave investigating officers names as "possible suspects," the officers prepared photo-lineups. Madden confirmed their identities.[4] Galvan also picked appellant's photo out of a photo line-up presented to him by an investigating detective two months after the robbery. Carroll and Owens also testified at trial, telling the jury of their guilty pleas arising from the robbery. Both identified appellant as a participant in the aggravated robbery, albeit with slightly differing versions of the events. Appellant did not testify.

## Analysis

On appeal, appellant acknowledges he was among the four men who were with Madden in Galvan's apartment during the robbery. The issue is what the evidence shows about appellant's role in the events. Appellant challenges the sufficiency of evidence to corroborate the testimony of accomplice witnesses, and argues that, even if corroborated, the testimony was insufficient to establish his guilt beyond a reasonable doubt.

Standard of Review and Applicable Law

When a defendant challenges his conviction on the ground that the evidence was insufficient, a reviewing court must affirm the conviction if, "after viewing the evidence in

---

[4] Although Madden testified he knew "of" the man referred to as Ant, the man was never positively identified.

the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (citation omitted). This standard gives "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

As charged in the indictment here, to prove appellant guilty of robbery, the State had to show that, in the course of committing theft and with the intent to obtain or maintain control over the property, appellant intentionally or knowingly threatened or placed Galvan in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a). The offense may be aggravated if the defendant uses or exhibits a deadly weapon in the course of committing the robbery. TEX. PENAL CODE ANN. § 29.03(a)(2). A firearm is a "deadly weapon" as defined by the Penal Code. TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West 2018).

A defendant does not need to commit the robbery or aggravated robbery himself to be guilty of the offense. *Sears v. State,* No. PD-0264-17, 2018 Tex. Crim. App. Unpub. LEXIS 622, at *10 (Tex. Crim. App. Sep. 12, 2018). (citations omitted). Instead, it is enough that the defendant "intends to promote or assist the commission of the offense and he solicits, encourages, directs, aids, or attempts to aid another person to commit it." *Id.* (citing TEX. PENAL CODE ANN. § 7.02(a)(2)) (internal quotations omitted). While "mere presence at the scene is not enough to sustain a conviction, that fact may be considered in determining whether an appellant was a party." *Leadon v. State,* 332 S.W.3d 600, 606 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citations omitted).

4

Accomplice-Witness Testimony

Under article 38.14 of the Code of Criminal Procedure, a "conviction cannot be upheld on the basis of accomplice testimony unless it is corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2018). *See also State v. Ambrose,* 487 S.W.3d 587, 593 (Tex. Crim. App. 2016) (citing *Smith v. State,* 332 S.W.3d 425, 442 (Tex. Crim. App. 2011)) (discussing requisites of accomplice-witness testimony). An accomplice is a person who participated with the defendant before, during, or after the commission of the crime and acted with the required culpable mental state. *Cocke v. State,* 201 S.W.3d 744, 748 (Tex. Crim. App. 2006) (citation omitted).

In reviewing the sufficiency of the corroborating evidence in the record, we eliminate the accomplice testimony from consideration and examine the remainder of the record to determine whether there is any independent evidence that tends to connect the defendant with the commission of the crime. *Solomon v. State,* 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). *See also Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007) (stating same). The corroborating evidence need not be sufficient to establish appellant's guilt; it need only tend to connect appellant to the offense. *Castillo*, 221 S.W.3d at 691. The mere presence of appellant at the scene of the crime is insufficient corroboration. *See Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). However, evidence of such presence, along with proof of other suspicious circumstances can tend to connect the accused to the offense. *Walker v. State,* No. 07-12-00416-CR, 2014 Tex. App. LEXIS

5

9086, at *7 (Tex. App.—Amarillo Aug. 15, 2014) (mem. op., not designated for publication) (citing *Dowthitt v. State,* 931 S.W.2d 244, 249 (Tex. Crim. App. 1996)).

We consider the "combined force of all of the non-accomplice evidence that tends to connect the accused to the offense." *Smith,* 332 S.W.3d at 442. We review a claim that accomplice-witness testimony has not been sufficiently corroborated in the light most favorable to the verdict. *Hernandez v. State,* 939 S.W.2d 173, 176 (Tex. Crim. App. 1997). Once corroborated, testimony of an accomplice may be considered by the jury in the same manner as any other competent evidence. *See Herron v. State,* 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (once it is determined that corroborating non-accomplice evidence exists, the purpose of the instruction is fulfilled, and the instruction plays no further role in the factfinder's decision-making).

Searching the record for non-accomplice-witness testimony tending to connect appellant with the offense, we begin with the testimony of the victim Galvan. During his testimony, Galvan acknowledged the unlawfulness of his conduct of selling marijuana and acknowledged that he initially did not tell officers Madden and the four others came to buy. Appellant vigorously challenged Galvan's credibility at trial, and continues to do so on appeal. As we have noted, however, we must consider the evidence in the light most favorable to the verdict. *Hernandez,* 939 S.W.2d at 176. It is the role of the jury to evaluate the credibility of witnesses and to determine the weight to be given the testimony of a particular witness. *Queeman v. State,* 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Jurors were free to accept Galvan's version of the events.

6

Galvan told the jury that Madden first arrived at his apartment, and the four others he did not know, came later. After he displayed the marijuana and some marijuana brownies he also had for sale, one of the four men left the apartment. After one produced the gun and ordered him and Madden to the floor, the two others "immediately" began to gather the items they took.

The jury was instructed that Madden was an accomplice as a matter of fact and Carroll and Owens were accomplices as a matter of law. *See Zamora v. State*, 411 S.W.3d 504, 510 (Tex. Crim. App. 2013) (describing proper accomplice-witness instruction). Under the court's instructions, it was left for jurors to determine whether Madden was an accomplice witness. *See Zamora*, 411 S.W.3d at 510 (proper instruction for accomplice as matter of fact "asks the jury to (1) decide whether the witness is an accomplice as a matter of fact, and (2) apply the corroboration requirement, but only if it has first determined that the witness is an accomplice") (citation omitted). Madden testified he had bought marijuana from Galvan several times before; that he arrived at Galvan's apartment before the other men, in a separate car; that he did not know the men planned to rob Galvan; that Ant held a gun on him just as he did on Galvan; that he remained at Galvan's apartment after the robbery; and that after the robbery, Owens offered him an ounce of marijuana to "be quiet" about the offense. Galvan's testimony contains no suggestion that he believed Madden was complicit in the robbery. He said Madden reacted to the robbery with "disbelief," "apologized over and over," for his acquaintances' conduct and offered to pay for the items they stole. The testimony presented by Galvan and Madden permitted the jury to conclude Madden was not an accomplice to the robbery. *See Cocke,* 201 S.W.3d at 748-49; *Webb v. State*, No. 01-

94-01081-CR, 1995 Tex. App. LEXIS 3087 (Tex. App.—Houston [1st Dist.] Dec. 7, 1995, pet. ref'd) (mem. op., not designated for publication).

As the testimony of a non-accomplice witness, Madden's testimony requires no corroboration and is itself available for use as corroborating evidence. *Smith,* 332 S.W.3d at 442; *Herron,* 86 S.W.3d at 632. *See generally*, Texas Criminal Pattern Jury Charges, Accomplice Witness Testimony, § CPJC 3.3, at 53-63, § CPJC 3.4, at 64-77 (State Bar of Texas 2018). As noted, Galvan testified that, while the gunman watched him, two men moved around his apartment taking items. Madden's testimony provided a detail missing from Galvan's: the identity of the man who left the apartment before the robbery began. Madden told the jury it was Owens who, after Galvan offered the "pot brownies" for sale, said, "well, I don't have the money here but it's out in the car." Madden's and Galvan's testimony provides evidence showing appellant was one of the two men who collected items during the robbery, establishing more than his mere presence during the offense; the evidence thus readily tends to connect appellant with its commission.

Appellant's accomplices Carroll and Owens both also testified for the State. The corroboration requirement having been satisfied, we are free to rely on their testimony. *See, e.g., Williams v. State,* No. 14-13-00708-CR, 2015 Tex. App. LEXIS 10491 (Tex. App.—Houston [14th Dist.] Oct. 13, 2015, pet. ref'd) (mem. op., not designated for publication) (discussing accomplice witness testimony in aggravated robbery involving drugs). Carroll's and Owens' versions of the events differed slightly from Galvan's version, but both testified to appellant's involvement in the robbery. Owens also testified he was the man who went outside to get money out of appellant's car. He agreed that when he left the apartment, Madden, Galvan, Carroll, Ant, and appellant were inside.

Carroll further testified appellant smoked some of the stolen marijuana and that they all, appellant included, divided the remaining marijuana they took from Galvan.

We overrule appellant's challenge to the corroboration of accomplice-witness testimony.

Sufficiency of the Evidence to Support Appellant's Conviction

Appellant's challenge to the sufficiency of the evidence, accomplice-witness testimony included, to support his conviction also focuses on that showing his role in the robbery. The trial court instructed the jury on the law of parties, and appellant and the State discuss the evidence in terms of its sufficiency to show appellant was a party to the offense.

Appellant's argument again challenges the reliability of testimony offered by Galvan and other State witnesses, pointing to the State's reliance on accomplice-witness testimony, the four-year passage of time between the robbery and appellant's trial and witnesses' inability to recall particular events or to recognize law enforcement officers who were involved in the investigation, Galvan's limited opportunity to view events from his position on the floor, inconsistencies in the versions presented by the four witnesses present during the offense, and reasons why Galvan's credibility should be doubted. As we have noted, it is the jury's exclusive role to evaluate the credibility and demeanor of witnesses. When the appellate record supports contradictory inferences, a reviewing court must presume the jury resolved any conflicts in favor of its verdict, even if not explicitly stated in the record. *Queeman,* 520 S.W.3d at 622. Doing so, the jury may choose to believe all, some or none of the testimony presented. *Lancon v. State,* 253

9

S.W.3d 699, 707 (Tex. Crim. App. 2008) (citation omitted); *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Appellant's arguments provide no basis for us to usurp the role of the jury. Deferring to the jury's proper role, after review of the entire record, we find instead that the testimony presented, viewed in the proper light, allowed the jury rationally to conclude beyond reasonable doubt that appellant, at the least, acted with the intent to promote or assist the aggravated robbery, and aided or attempted to aid his accomplices in its commission.

## Conclusion

We overrule appellant's challenge to the sufficiency of evidence to support his conviction, and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.