# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-1028

———————

Deborah Brown-Mitchell,      *

Appellant,      *

v.      *

Kansas City Power & Light Company,      *

Appellee.      *

*  Appeal from the United States
*  District Court for the
*  Western District of Missouri

———————

Submitted: September 14, 2001

Filed: October 5, 2001

———————

Before McMILLIAN, BEAM and HANSEN, Circuit Judges.

———————

McMILLIAN, Circuit Judge.

Deborah Brown-Mitchell (plaintiff), an African-American female formerly employed as a marketing representative for Kansas City Power & Light Co. (KCPL), appeals from a final order entered in the United States District Court[1] for the Western District of Missouri granting summary judgment in favor of KCPL on her claims of racial discrimination and retaliatory discharge under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq. See Brown-Mitchell v. Kansas City

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Power & Light Co., No. 99-0454-CV-W-2 (W.D. Mo. Nov. 14, 2000) (order) (hereinafter "slip op."). For reversal, plaintiff argues that the district court erred in holding that her claims are barred as a matter of law under the doctrine of laches or for failure to exhaust administrative remedies. For the reasons stated below, we affirm the order of the district court.

Jurisdiction was proper in the district court based upon 28 U.S.C. §§ 1332, 1343. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

The following summary of the background facts is based upon the district court's order. See slip op. at 1-4. On March 25, 1993, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and the Missouri Human Rights Commission alleging that her employer, KCPL, treated her adversely based upon her race. She cited an unfavorable performance review and a denial of a merit salary increase, among other things, as adverse employment actions. On March 31, 1993, KCPL terminated plaintiff's employment. Plaintiff then amended her EEOC complaint on April 2, 1993, to include a retaliatory discharge claim. In its response, KCPL maintained that its actions were solely based upon plaintiff's job performance, as evidenced by an inordinate number of customer complaints and eight years of performance reviews rating her work as "adequate" or "competent" on a scale of five possible ratings: "provisional," "adequate," "competent," "commendable," and "distinguished."

Pursuant to 42 U.S.C. § 2000e-5(d), the EEOC deferred plaintiff's case to the Kansas City Human Relations Department (KCHRD), and plaintiff was notified of the deferment in or about January 1994. While her case was pending with KCHRD, plaintiff was informed that she could request a right-to-sue letter from the agency and, upon receipt of such letter, file a lawsuit within ninety days. No progress was made on plaintiff's case while it was pending at KCHRD, and, on December 31, 1998, she was

informed that her case was being closed for "Failure to Cooperate." On February 17, 1999, KCHRD issued plaintiff a right-to-sue letter.

On May 10, 1999, more than six years after her EEOC charges were filed, plaintiff brought the present action against KCPL in federal district court. KCPL moved for summary judgment, and the district court granted the motion. The district court held that, in view of facts not genuinely disputed, (1) the action is barred under the doctrine of laches because plaintiff unreasonably, inexcusably, and prejudicially delayed filing her lawsuit and (2) the action is barred for failure to exhaust administrative remedies because plaintiff's lack of cooperation with KCHRD led to the eventual dismissal of her EEOC charges. Judgment was granted for KCPL, and plaintiff appealed.

Upon careful review of the parties' arguments and the record on appeal, we now affirm the district court's summary judgment decision on the basis of its application of the doctrine of laches. Accordingly, we find it unnecessary to address the question of whether plaintiff failed to exhaust her administrative remedies.

The equitable doctrine of laches is a proper defense to claims of discrimination and retaliatory discharge under Title VII when based upon the plaintiff's post-charge delay in filing his or her Title VII lawsuit. See Whitfield v. Anheuser-Busch, Inc., 820 F.2d 243, 244-45 (8th Cir. 1987).[2] "[A] court may use laches to reach 'a just result.'"

_____

[2]Contrary to plaintiff's argument, the holding in Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d 164, 168-70 (8th Cir. 1995) (en banc), does not govern the outcome of the present case because Ashley concerns *pre-charge* delays (i.e., delays preceding the filing of an EEOC charge), not *post-charge* delays, which is what we are dealing with here. Moreover, notwithstanding the fact that plaintiff in the present case did comply with the 90-day limitations period for filing suit after receiving a right-to-sue letter, the delay at issue in this case is the six-year delay from the time plaintiff filed charges with the EEOC to the time plaintiff filed the present action in the district court.

Id. at 244 (citing EEOC v. Liberty Loan Corp., 584 F.2d 853, 856 (8th Cir. 1978), citing Albermarle Paper Co. v. Moody, 422 U.S. 405, 424-25 (1975)).  For laches to apply, the defendant must persuade the court that (1) the plaintiff unreasonably and inexcusably delayed filing the lawsuit and (2) prejudice to the defendant resulted from the delay.  Id.  The determination of whether laches applies in the present case was a matter within the sound discretion of the district court, id. at 245, and we, accordingly, review the district court's application of laches for an abuse of discretion.

Plaintiff argues on appeal that the district court abused its discretion in determining that her post-charge delay in bringing the present action was unreasonable and inexcusable.  She maintains that she diligently pursued her claims, having contacted KCHRD approximately five times during the relevant six-year time period.  She also argues that, although she knew she could request a right-to-sue letter at any time, a KCHRD investigator told her that she should wait to request a right-to-sue letter until after she had found an attorney willing to accept her case, and that is exactly what she did.  She further argues that the delay did not  result in sufficient prejudice to KCPL.  She contends that the prejudice to KCPL cited by the district court, particularly the loss of witnesses' memories over the years, is relatively minor when compared with the difficulties considered in other cases.  At a minimum, she argues, there are at least genuine issues of material fact precluding the district court's application of laches at the summary judgment stage.

Upon careful review, we cannot say that the district court abused its discretion in determining that plaintiff's delay in filing suit was neither reasonable nor excusable.  As the district court noted, plaintiff had an obligation to monitor the progress of her charges with KCHRD and did not have an absolute right to wait until the proceedings

_____

Therefore, the reasoning in Ashley –  which was based upon the existence of, and the plaintiff's compliance with, a statute of limitations – also does not apply to the issue before us.

had concluded before requesting a right-to-sue letter.  See Hukannen v. International Union of Operating Engineers, Hoisting & Portable, Local No. 101, 3 F.3d 281, 286 (8th Cir. 1993).  Plaintiff's inability to provide or recall details about her five or so contacts with KCHRD over the relevant six-year period belies her allegation that she "diligently pursued" her claims.  The advice she  received from the KCHRD investigator – that she should secure legal representation prior to requesting a right-to-sue letter – could not reasonably be interpreted to mean that any delay would be excused by her failure to obtain a lawyer.[3]  In any event, "[i]n this circuit, laches may apply either when the delay in bringing suit was caused by a private plaintiff or when the delay is the fault of an administrative agency."  Whitfield v. Anheuser-Busch, Inc., 820 F.2d at 244-45 (footnote omitted).  Finally, in light of the number of witnesses who have testified that they cannot remember details about plaintiff's employment (which is now more than eight years in the past), we also cannot say that the district court abused its discretion in concluding that KCPL had sufficiently demonstrated prejudice.

The judgment of the district court is affirmed.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Plaintiff unsuccessfully attempted to retain counsel in 1994.  She successfully retained counsel in July 1998.  She could not recall whether she had attempted to retain counsel at any time between her unsuccessful attempt in 1994 and her successful effort in 1998.  See Brown-Mitchell v. Kansas City Power & Light Co., No. 99-0454-CV-W-2, slip op. at 4 (W.D. Mo. Nov. 14, 2000).